STEWART v. WHITE, *Appellant.*

Condemnation Proceeding : OPENING STREET : CHARTER OF CITY OF KANSAS. In a proceeding to condemn property for street purposes, under article 8, of the charter of the City of Kansas (Acts 1875, p. 244), it is sufficient to make those persons parties who are owners when the suit is commenced.

*Appeal from Jackson Circuit Court.*—HON. TURNER
A. GILL, Judge.

REVERSED AND REMANDED.

*C. O. Tichenor* for appellant.

The defect of parties should have been suggested in
the circuit court, and this not having been done, the
same was waived.

*Karnes, Holmes & Krauthoff* for respondent.

A judgment rendered without notice is void.
*Anderson v. Brown,* 9 Mo. 640; *Roach v. Burnes,* 33
Mo. 319. And advantage may be taken of such judg-
ment under collateral proceedings. *Abbott v. Sheppard,*
44 Mo. 273; *Higgins v. Peltzer,* 49 Mo. 152; *Napton v.
Leaton,* 71 Mo. 358.

BLACK, J.—This is an action of ejectment for a lot
in the City of Kansas. Theodore Winningham owned
the lot on the twenty-ninth of April, 1879. On the
twenty-first of February, 1880, the common council of
the City of Kansas passed an ordinance entitled, "An
ordinance to open and extend Fifteenth street from
Broadway to Penn street." On the twenty-eighth of
February, 1880, Winningham conveyed the lot to
Isabella Pelletto; and on the eighteenth of May, 1881,
proceedings were commenced before the mayor under
the ordinance to condemn the property and assess
benefits for the purposes therein specified. Mrs. Pelletto
and her husband were made parties and duly served
with notice. Pending these proceedings, Pelletto and
her husband conveyed to Strayer, who conveyed .to the
present plaintiff.

The condemnation suit was taken to the Jackson
county circuit court by appeal and there tried anew,

and the lot in question was assessed with benefits in the sum of $160.00. It was sold under the judgment for benefits, and the defendant in this suit is the tenant of the person who claims title under that sale.

Though Mrs. Pelletto, the owner of the lot at the date the suit to condemn property and assess benefits was commenced, and her husband were made parties thereto and duly served with notice, yet Winningham, the owner at the date of the ordinance, was not made a party, and for the failure to make him a party it is insisted that, as to the lot in question, the proceedings including the sale of the lot are void and the sale passed no title, and so the circuit court ruled. This ruling presents the only question in the case.

These proceedings to condemn property for street purposes are governed exclusively by article 8 of the charter of the City of Kansas ( Acts of 1875, p. 244 ), which provides for notice both to owners of property to be taken and to owners of property to be assessed with benefits. We are therefore referred at once to that statute to ascertain who are necessary parties. The general scheme of the procedure is that the council must provide for taking the specified property and fix the boundaries of the assessment district. The proceedings are commenced before the mayor, but may be appealed to the circuit court, where there is a trial anew. The same jury assesses the damages and also the benefits, both as to the city at large and the property in the assessment district. The plat to be delivered to the mayor by the engineer and by which the proceedings are inaugurated must contain a description of the property to be taken and a description of the property to be assessed, with the names of the owners "who may be such at the time of the passage of the ordinance providing for taking such private property." After providing for the notice to be given it is enacted: "It shall be sufficient to bring in the owners of property who may

be such at the date of the passage of the ordinance providing for the improvement, and all parties claiming or holding through or under such owners, or any of them, shall be bound by the proceedings without being brought in." Authority is then given the mayor to cause other parties to be brought in on his order, or on motion of persons then in court. "The amounts assessed by the jury against property shall be a lien on the several lots and parcels of property charged, from the day the ordinance providing for the improvement takes effect until paid." In case of appeal the circuit court has power to bring in all other parties "necessary to a full determination of any question arising in the cause."

As a general rule, in proceedings to enforce liens against real estate and to condemn property, those persons who are owners of, or have an interest in, the property at the time the proceedings are commenced, are the proper and necessary parties to be brought before the court. It is their interests which are to be affected by the final judgment. The various provisions made by the act in question for bringing in parties show that the primary object of the law is to get before the court the real parties in interest. The act says, "It shall be sufficient to bring in the owners who may be such at the date of the passage of the ordinance," etc. There is here an implied recognition of the general rule before stated; it is not made necessary that those persons who own the property when the ordinance is passed, but have no interest in it when suit is brought, *shall* be made parties. The contrary is clearly implied. The statute is so worded as to show a recognition of the general rule. The prior part of the statute which provides for a plat to be made, containing the names of the owners, "who may be such at the time of the passage of the ordinance," is the only part of the statute which gives countenance to the construction contended for by

respondent ; but that clause cannot override the subsequent ones which provide who are to be made parties.

The proceeding is special, and to some extent summary, but it is not *ex parte*. The substantial requirement of the law must be observed, but we are to look to the whole of the statute to find out its true meaning ; doing this, the statute is observed if the persons owning the property at the time the suit is commenced are brought before the court. It does not follow because it is sufficient to bring before the court the persons who were owners at the date of the ordinance, that it is not sufficient to make those persons parties who are the owners when the suit is commenced. The practice of making the persons who own the property when the suit to condemn is commenced parties is the better practice, and this is recognized by the statute when it says it shall be sufficient, etc.

The judgment is reversed and the cause remanded. SHERWOOD, J., absent ; the other judges concur.