## SMITH v. RAILWAY COMPANY.

### (*Nashville.* March 6, 1890.)

1. CLOUD UPON TITLE. *Not removable by champertous vendee. Remainder-man's right.*

   A champertous vendee of land cannot, for want of title in himself, maintain bill to remove a cloud from the title. The vendee of the remainder estate in land cannot maintain bill to remove, as a cloud upon his title, a deed which conveys the life tenant's interest; such deed being, in fact, no cloud upon his title.

   Case cited: Pickens v. Delozier, 2 Hum., 400.

2. EMINENT DOMAIN. *Who can recover the compensation allowed for lands taken for public use.*

   The compensation allowed by law for lands taken for public use can be recovered alone by the person owning the lands at the date of the taking, or by his assignee of that right of action.

   Case cited and approved: Railroad v. Stovall, 12 Heis., 1.

3. SAME. *Same. Quitclaim deed for land does not pass the right to damages.*

   Quitclaim deed, for the land in which the public enjoys an easement, made by the land-owner subsequent to the accrual of his right to compensation, does not operate to pass or assign the right to damages to his vendee, unless it is expressly embraced therein.

---

FROM SMITH.

---

Appeal from Chancery Court of Smith County. T., W. WADE, Sp. Ch.

TURNER & SMITH for Smith.

H. M. HALE and W. V. LEE for Railway Company.

LURTON, J. This is a bill to have a conveyance of a right of way through land now owned by complainant declared a cloud upon his title, and to recover damages for the right of way taken by the railroad company. Complainant claims title to a tract of land described in his bill, subject to a life estate in part thereof in favor of one Mrs. Lawrence.

Mrs. Lawrence, more than a year before complainant owned any interest whatever, executed a grant of right of way over one hundred feet in width and through the entire tract of land. This was not limited to her homestead tract, nor was it an easement for her life, but is a conveyance of an easement in fee, absolute and over the entire body of land.

The railway company had taken actual possession of this easement, and were actually engaged in the construction of their railway, and were claiming and holding under the deed of Mrs. Lawrence at the date of the purchase of the land. The deed of Mrs. Lawrence was only operative to convey her life estate, and the possession by the railroad company within her homestead would not in that case be adverse to complainant or those under whom he claims until the termination of her estate. But the possession under her deed, outside of her homestead, was adverse.

In the first case her conveyance, as to her estate for life, of a right of way would not be a cloud. But in so far as it was a color of title to an easement in the remainder of the tract, it was a cloud but for the fact that the deed of complainant is void and ineffective by reason of his purchase being champertous. This, however, only defeats his title in so far as the railway company were claiming an interest adverse. *Pickens* v. *Delozier*, 2 Hum., 400.

All other questions out of the way, this suit cannot be maintained as a suit to recover damages for the taking of this right of way through the interest now owned by complainant. He was not the owner of this land and every interest therein at the time the railway company entered upon and begun the construction of their roadway. The company had, in the exercise of the power conferred by statute, entered upon and appropriated this easement before complainant acquired the land or any interest whatever.

Damages for taking the land under right of eminent domain belong to the owner at the time of the taking, and such claim for damages does not pass to a grantee of the lands over which a right of way has been taken, unless expressly conveyed. *Railroad* v. *Stovall*, 12 Heis., 1; 2 Woods' Railway Law, 864.

The deed to complainant is a mere quitclaim, and the damages due to his grantor did not pass to him.

Reverse and dismiss the bill with costs.