J. K. KIEBLER *et al.*, Appellants, v. BENJAMIN HOLMES, Comptroller, etc.; REBECCA WRIGHT, Interpleader, Respondent.

58 119
145m 393

Kansas City Court of Appeals, April 30, 1894.

1. **Condemnation Proceeding**: WHEN TITLE UNDER, VESTS: CHARTER OF KANSAS CITY: PURCHASER. Under the Kansas City charter of 1875, providing for the condemnation of property for widening streets, the title to the condemned land was not divested out of the owner until the assessment of damages and benefits had been made by the mayor's jury, and confirmed by the council; and a purchaser between the passage of the ordinance and the confirmation of the assessment is entitled to the damages assessed as against the owner at the time of the passage of the ordinance.

2. ———: PARTIES: KANSAS CITY CHARTER. To condemnation proceedings under the charter of Kansas City of 1875, the owner of the property at the time of the passage of the ordinance seems to be the only necessary party, though it is not only proper, but the better practice to make the owner at the date of the commencement of the action to condemn, a party in the place of the owner at the date of the passage of the ordinance.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Crysler, Karskaddon & Stearns* and *E. J. Sherlock* for appellants.

Our contention in the case is that the passage of the ordinance of February 25, 1887, was an appropriation of the appellants' property and was a taking thereof for public use within the meaning of the constitution. The damage to their lot was done by establishing the widening of the street; this was done by the passage of the ordinance. *Sheehy v. Kansas City*, 94 Mo. 574; *West v. Springfield*, 78 Mo. 107. Whoever owns the property at the institution of the proceedings is entitled to the damages. The proceedings were instituted while appellants were the owners, all notices were served upon them while they were such owners and afterwards, from first to last, the claimant, Wright, was wholly unknown therein. *Losch's Appeal*, 109 Pa. St. 74; *Stewart v. White*, 98 Mo. 229; *Hilton v. St. Louis*, 99 Mo. 200; Lewis on Eminent Domain, par. 56; *Losch's Appeal*, 109 Pa. St. 72, *et seq.*; Sedgwick, Constitutional Law [2 Ed.], pp. 462, 463; *Arimond v. Green Bay, etc.*, 31 Wis. 316; *Stewart v. White*, 98 Mo. 229; Charter of Kansas City, article 7, section 8; *Sheehy v. K. C. Cable R'y*, 94 Mo. 579; *Werth v. Springfield*, 78 Mo. 107; *Plumer v. Boom Co.*, 49 Wis. 455; *Whitney v. Burnette*, 15 Wis. 61; *Adams v. Filer*, 7 Wis. 306.

*W. T. Latham, Jas. H. Harkless* and *A. S. Marley* for respondent.

(1) Private property shall not be taken for public use without just compensation. The property shall not be disturbed, or the proprietary right of the owner therein divested. Constitution of Missouri, sec. 21, art. 2. Until compensation awarded is actually paid, the party condemning has no right to the property, or the landowner to the compensation. Until paid, the owner may do with the property as he pleases. *Moritz Schreiber v. Railroad*, 115 Ill. 340; *Chicago v. Barbain*, 80 Ill. 482. The payment must precede the vesting of title in party condemning, or the divesting the title from the landowner, or at least must be concurrent with it. *Garrison v. New York*, 21 Wall. 196; *Whyte v. Kansas*, 22 Mo. App. 409. Pending of proceedings to appropriate private property to public use is not a taking. *Transfer Co. v. Railroad*, 53 N. W. Rep. 366. Taking, means exclusion of the owner from possession. *Woodruff v. Catlin*, 54 Con. 297. The simple act of assessment does not invest the city with the right of the property, nor does it divest the title of the property holder. Till payment made according to law, there is no transfer of title in the city, no divestiture from the owner. *State ex rel. v. Hug et al.*, 44 Mo. 116; *St. Joe v. Hamlin et al.*, 43 Mo. 282. (2) The owner of property at time ordinance passed, is a necessary party, subsequent purchasers are proper parties. The object of the charter is to have parties interested made parties to the proceeding. *Stewart v. White*, 98 Mo. 229; *Garrison v. New York*, 21 Wall. 196; *State ex rel. v. Hug et al.*, 44 Mo. 116; *St. Joe v. Hamlin et al.*, 43 Mo. 282.

GILL, J.—On February 27, 1887, appellants Kiebler and Freeman were owners of a lot on east Ninth street, Kansas City, and on that day there was an ordinance passed to condemn the north five feet of this lot, the purpose being to widen Ninth street in pursuance of authority given by article 7 of the city charter of 1875. On May 9, 1887, Mrs. Wright, the respondent, purchased the lot from Kiebler and Freeman and took a warranty deed therefor. Thereafter, on August 25, 1887, on proceedings begun under the ordinance of February 27, the mayor's jury returned a verdict assessing the damages to the lot on account of the proposed widening at $228 and this verdict was confirmed by the council on August 26, 1887.

Subsequently, when the special benefits were collected, the above amount was paid into the city treasury for the party entitled. At this point a controversy arose as to whether this fund belonged to Kiebler and Freeman or to Mrs. Wright, their grantee. Thereupon the city came into court and on its petition these conflicting claimants were required to interplead, as provided for in section 7, article 7 of the charter, and settle by judgment of the court as to who was entitled to said money. The circuit court decided in favor of Mrs. Wright, and Kiebler and Freeman appealed.

I. The judgment of the trial court was correct. The mere passage of the ordinance of February 27, 1887, did not amount to an appropriation of the real estate; nor did it commit any damage to which the then owner was entitled. The city did not by the passage of the ordinance *take* the property. This was only the initial step looking to an appropriation or taking in the future. After passing such ordinance, and even after the proceedings were begun before the mayor to assess damages and benefits, the city might

have abandoned the condemnation because too expensive or for other reasons. *Whyte v. City of Kansas*, 22 Mo. App. 409; *City of St. Joseph v. Hamilton*, 43 Mo. 282.

Until the mayor had instituted proceedings for assessing damages and benefits, and such assessments had been made by the jury and confirmed by the council, there could be no right to the strip of land vested in the city nor reciprocal rights vested in the landowner. It is only when the party seeking condemnation acquires a vested right in the property, that the owner has a vested right in the compensation. *Whyte v. City of Kansas*, 22 Mo. App. 409. At the time the property was taken and the damages assessed Mrs. Wright was the owner, and she clearly was entitled to the compensation for such taking. *Hilton v. St. Louis*, 99 Mo. 199.

That Kiebler and Freeman were made parties to the condemnation proceedings is of no consequence. As a matter of convenience the charter of 1875 provided, that it should be sufficient to bring in the owners who were such at the date of the passage of the ordinance providing for the improvement and that all such subsequent owners should be bound thereby though not named in the proceeding. See Laws of 1875, p. 244, *et seq.* It has, however, been held that it was not only proper, but the better practice to make the person holding the title when the action to condemn was commenced a party in place of the owner at the date of the passage of the ordinance. *Stewart v. White*, 98 Mo. 226.

The judgment will be affirmed. All concur.