In the Matter of the Petition of HUBERT O. THOMPSON, Commissioner of Public Works of the City of New York, etc.

HIRAM FARRINGTON, Appellant; HARRIET A. BROWN, Administratrix, etc., of NATHAN L. CULVER, Deceased, and Others, Respondents.

*New York aqueduct — condemnation of easements under chapter 490 of 1883, amended by chapter 419 of 1888 — conveyance of property after condemnation and before award of damages — when the award passes to the grantee.*

By chapter 490 of the Laws of 1883, as amended by chapter 419 of the Laws of 1888, being an act to provide for the condemnation of land for the New York aqueduct, the title to the property described in the petition to be presented to the court under said act vested in the city of New York upon the filing of the oath of the commissioners of appraisal. The oath of the commissioners appointed under said act was filed in 1884. At that date a farm across which the aqueduct was to be constructed was owned by Nathan Culver, subject to two mortgages, one held by a Sing Sing savings bank, and the other by Hiram Farrington. In 1885 Culver conveyed the farm to Farrington by quit-claim deed. No reservation was made in the deed of any claim against the city of New York. Farrington subsequently satisfied his mortgage and procured a satisfaction of the savings bank mortgage. The construction of the tunnel for the aqueduct was begun on the farm in 1886. Culver and Farrington both made claims for compensation before the commissioners. Culver's, which was made prior to 1885, was for about $100, and was confined solely to damages done to the surface of the farm by the city engineers while he was the owner. Farrington's claim was made in 1886, and was for the destruction of springs of water upon the farm. In 1891 the commissioners made their report in which they awarded $100 to Culver for damages to the farm while he was owner, and $1,344 to Farrington for damages for the destruction of the springs. The sum awarded to Farrington by the commissioners was directed by the court to be paid to Culver's heirs (Culver having died), on the ground that the title to any claim against the city, arising from the construction of the aqueduct, vested in Culver upon the filing of the oath of the commissioners of appraisal.

*Held,* that while the legal right to destroy the springs passed to the city with the acquisition of the title to the easement and the legal title to the claim for compensation thereto vested in Culver, nevertheless, inasmuch as Culver's title was subject to the lien of the mortgages, the rights of the parties were to be determined by equitable considerations rather than by the application of strict rules of law;

That when Culver conveyed the farm to Farrington his interest in the prosecution of the claim against the city of New York ceased unless such claim was reserved to him;

That as the deed for the farm reserved nothing to Culver and, although without covenants, described the whole farm, and as the title to part of the land described

had passed to the city of New York, it was the intention of the parties that the claim against the city, whatever it might be, should stand in the place of the land conveyed and pass by assignment to Farrington on delivery of the deed.

APPEAL by Hiram Farrington from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of Westchester county on the 30th day of March, 1895, directing the payment to the heirs of Nathan Culver, deceased, of an award made by commissioners appointed in proceedings to condemn property for the aqueduct of the city of New York.

*Francis Larkin*, for the appellant.

*James B. Lockwood*, for the respondents.

BROWN, P. J.:

It is unnecessary to consider the question discussed by the appellant relating to the practice pursued in this proceeding. We assume that the final order confirming the report of the commissioners has been set aside so far as to permit the court to consider and determine the rights of the parties to the award in question.

Chapter 490, Laws of 1883, as amended by chapter 419, Laws of 1888, the act under which the award was made, required claimants to present their claims to the commissioners within four years from the time the commissioners filed their oath of office. The oath of the commissioners was filed October 25, 1884. At that date the farm across which the aqueduct was to be constructed was owned by Nathan Culver, subject to two mortgages, one held by the Sing Sing Savings Bank for $1,199.50, and one by appellant Hiram Farrington for $3,500. The title to the property described in the petition vested in the city by force of the statute aforesaid upon the filing of the oath of the commissioners of appraisal. The city did not acquire a fee to the land, but, as appears from the commissioners' report, took a perpetual easement therein, and the land described in the petition consisted of a narrow strip running across the farm. The aqueduct was constructed about 200 feet below the surface of the ground, and there was no shaft upon the farm.

On April 9, 1885, Culver conveyed the farm to Farrington by quit-claim deed. This conveyance was made to prevent a foreclosure of the mortgage held by Farrington, and may be assumed

to have been in payment thereof. No reservation was made of any claim against the city. In September, 1885, Farrington filed a satisfaction of the mortgage held by him, and in May, 1889, the savings bank mortgage was satisfied on the record. In November, 1888, Culver died. The construction of the tunnel for the aqueduct was commenced in 1885, and work begun on the farm in question in the year 1886. It appears from the papers before us that Culver and Farrington both made claims for compensation before the commissioners. Culver's appears to have been made prior to June, 1885. It was for about $100, and was confined solely to damages done to the surface of the farm by the city's engineers and surveyors while he was the owner. Farrington's claim was made in 1886, and was for the destruction of springs of water upon the farm. These springs appeared upon the surface of the farm some distance from the land taken by the city, and the evidence permitted the conclusion that the construction of the tunnel intercepted underground the flow of water thereto.

In August, 1891, the commissioners made their report, in which they awarded $100 to Culver for damages to the farm while he was the owner, and $1,344 to Farrington for damages sustained by him. This latter sum has, by the order appealed from, been awarded to Culver's heirs on the ground that the title to any claim against the city arising from the construction of the aqueduct vested in Culver upon the filing of the oath of the commissioners of appraisal, and that by the subsequent satisfaction of Farrington's mortgage his lien thereon was released and his right thereto destroyed.

We see no just ground to direct the payment of the award in question to the respondents. When the title to the land vested in the city the right to any award to be made for injury to the farm was subject to the lien of the two mortgages then outstanding thereon. Farrington held the second mortgage and was equitably entitled, if he did not receive the award himself, to have it applied to the payment of the mortgage held by the savings bank. While Culver owned the farm he was interested in having as large an award made as possible, as its payment to the mortgagee would inure to his benefit by the reduction of his indebtedness. When he conveyed the farm to Farrington in payment of Farrington's

Hun.]          SECOND DEPARTMENT, JULY TERM, 1895.

mortgage his interest in the prosecution of the claim against the city ceased unless such claim was reserved to him. There is nothing in the case tending to show that it was reserved to him. It is hardly probable that Farrington, who had been compelled to take a conveyance of the farm in payment of his mortgage, would have surrendered his right to a substantial claim against the city. We cannot at all events infer that he did so in the absence of all evidence on the subject. The deed for the farm reserved nothing to Culver, and it described the whole farm. Although without covenants, we think that as title to a part of the land described had passed to the city, it was the intention of the parties that the claim against the city, whatever it might be, stood in place of the land conveyed, and passed by assignment to Farrington on delivery of the deed. The subsequent acts of the parties justify this conclusion. Culver never asserted any claim before the commissioners for damages for the taking of the land or for injury to the farm. He confined his claim to injuries inflicted to the trees and fences by the surveyors while he was owner and in possession, and his failure to assert any other claim is quite significant as to his understanding of the effect of the conveyance to Farrington. On the other hand, as soon as the injury to the springs appeared, Farrington asserted his right to such damages. Culver was then alive, and his son was a tenant on the farm. While the form of injury was probably one not foreseen by either party, Culver never saw fit to make a claim for it or to question Farrington's right to it. While it is true that the legal right to destroy the spring passed to the city with the acquisition of the title to the easement, and the legal title to the claim for compensation thereto vested in Culver, still we are of the opinion that inasmuch as Culver's title was subject to the lien of the mortgages, the rights of the parties are to be determined by equitable considerations rather than by the application of strict rules of law, and, giving effect to the contemporary act of the parties with reference to this claim, we can find nothing to indicate that it was the intention of either party that the claim against the city was to be reserved to Culver. The tendency of all the testimony tends to the conclusion that it was to pass to Farrington in payment of his mortgage. The filing in the register's office by Farrington of a satisfaction of the mortgage is not a fact of any significance. That

was not done for Culver's benefit.   Farrington's title as mortgagee had become merged in that under the deed.   The mortgage was extinguished and the debt paid.   The execution and filing of the certificate of satisfaction was intended only to discharge an apparent, but not a real incumbrance on the land.   It has no relevancy to the question before the court.

The respondents have no just claim to the award, and the order appealed from must be reversed with costs and the award directed to be paid to the appellant.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and award directed to be paid to the appellant.