---

### In re HAMILTON ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   May 5, 1911.)

1. EMINENT DOMAIN (§ 153*)—AWARD—PERSONS ENTITLED—VENDOR AND PURCHASER.

    Any award to be made by a city, when it becomes vested with land for a street, is thenceforward a chose in action of the owner of the land taken, and the right to the award does not as a general rule pass under a conveyance of the land, unless an intent to make an assignment of the award is expressly or impliedly made.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. § 153.*]

2. COVENANTS (§ 34*)—CONSTRUCTION.

    Covenants in a deed are commensurate with a grant, and do not enlarge the grant.

    [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 34; Dec. Dig. § 34.*]

3. EMINENT DOMAIN (§ 153*)—COMPENSATION—PERSONS ENTITLED.

    Where, after proceedings by the city of New York to acquire land for a street, the owner conveyed the land by a warranty deed, subject to any rights that the city might have in the streets within its boundaries, the award subsequently made must be paid to the owner, though the clause relating to the rights of the city was the same as that contained in previous conveyances, for there was no breach of the covenants in the deed, nor any assignment of the award to the grantee.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416;  Dec. Dig. § 153.*]

4. DEEDS (§ 90*)—CONSTRUCTION.

    The court in construing a deed must give to every clause therein its appropriate meaning, and a clause therein may not be robbed of its meaning merely because a similar clause used in prior deeds in the chain of title had no practical application under the conditions then existing.

    [Ed. Note.—For other cases, see Deeds, Dec. Dig. § 90.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. EMINENT DOMAIN (§ 63*)—STREETS—APPROPRIATION.
  No public right in lands to be covered by proposed streets arises from the mere laying out of streets on an official map, since such map is not in itself an appropriation of the land to a public use.
  [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 161–164; Dec. Dig. § 63.*]

Appeal from Special Term, Queens County.

Application by the City of New York for the opening of a public street. From an order of the Special Term (127 N. Y. Supp. 36; 69 Misc. Rep. 369, 127 N. Y. Supp. 1045) confirming the report of a referee and directing the payment of awards, Mary B. Trimble appeals. Reversed, and appellant remitted to the Special Term for relief.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and THOMAS, JJ.

Merle I. St. John, for appellant.

Philip B. LaRoche, Jr. (Joseph A. Flannery, on the brief), for respondent Hirschman.

Norman J. Marsh (Joel J. Squier and William B. R. Faber, on the brief), for respondent City of New York.

CARR, J. This is an appeal from an order (127 N. Y. Supp. 36; 69 Misc. Rep. 369, 127 N. Y. Supp. 1045) of the Special Term determining the ownership of an award made to "unknown owners" in a proceeding conducted by the city of New York to open a public street in that part of the borough of Queens which was known formerly as Long Island City. The street in question is Hamilton street, and it was shown on the map of Long Island City as a proposed public street for many years prior to the consolidation of Long Island City with the city of New York. The proceedings to acquire the land necessary for public street purposes were begun by the city of New York in 1902. At that time one Mary B. Trimble was the owner of a large tract of land through which the proposed street was projected. Her ownership arose under a deed to her made in 1901. In 1902 the city of New York became vested in fee for public uses of the land forming the bed of the street, but no award of damages was made until 1908. At the time of the vesting of title in the city, Mary B. Trimble was still the owner of the land. In 1905 Trimble conveyed the large tract of land by a deed describing the tract by metes and bounds to one Connor. The deed contained the usual covenants of warranty, including one of seisin. After the description of the land by metes and bounds, there was a clause in the deed as follows:

"Subject to any rights that Long Island City, now a part of the city of New York, or the public may have in and to any streets or avenues included within the above metes and bounds, as laid out on the official map of Long Island city; also subject to any rights conveyed by the Astoria Homestead Company to the Steinway Railway Company by conveyance dated September 23rd, 1892, and recorded," etc.

Connor conveyed the same tract to one Holmes by deed dated May 16, 1906, containing a description by metes and bounds, together with

the same "subject" clauses. In 1908 a substantial award was made to "unknown owners" for that portion of the tract which had vested in the city in 1902. Connor made and delivered to his grantee, Holmes, an assignment of whatever rights he had in any award that should be made in the street opening proceedings. Thereafter Holmes conveyed the lands in question to one Hirschman, and assigned to him whatever interest he acquired in such award from Holmes. Hirschman thereupon applied at Special Term to have himself declared the true owner of the award in question. A reference was ordered to inquire into the facts, and Mary B. Trimble appeared and contested Hirschman's claim of right to the award. On the coming in of the referee's report an order was made adjudging Hirschman to be entitled to the award, and from that order Trimble now appeals.

[1] Under the well-settled law, when the land in the street vested in the city, the award to be made therefor was a chose in action or the personal property of the then owner of the land, and, when the award was made actually, it related back to the time when the title was divested from the former owner. King v. Mayor, 102 N. Y. 172, 6 N. E. 395; Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104; Matter of Mayor (Trinity Ave.), 116 App. Div. 252, 101 N. Y. Supp. 613. Generally, the right to such award, when thereafter made, would not pass under a subsequent conveyance of land from the person so entitled to the award unless an intent to make an assignment of the award is express or properly to be inferred (cases above cited). The learned court at Special Term based a finding of an intent to assign the award on the following circumstances: It held that as title to the land in the street had passed from Mrs. Trimble to the city before she conveyed to Connor by metes and bounds, and that as her deed contained full covenants of warranty including one of seisin, there was an immediate breach of the covenant of seisin when she conveyed to Connor, so far as the land in the street was concerned, and it must be deemed that she intended to substitute her right to the award in the place of the land as to which there was an immediate breach of the covenant of seisin and so transfer it to her grantee in liquidation of the damages arising from the breach. It is contended that this result is justifiable under the authority of Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87; Matter of Thompson, 89 Hun, 32, 35 N. Y. Supp. 6, affirmed 148 N. Y. 743, 42 N. E. 1093; Shields v. Pittsburg, 201 Pa. 328, 50 Atl. 820. Before considering the application of these authorities, it is necessary to consider first whether there was a breach of the covenant of seisin in the deed of Trimble to Connor.

[2] The settled rule of law is that covenants in a deed are commensurate with the grant and never enlarge the grant itself. In other words, they relate only to what is granted, and do not cover what is excepted or omitted from the grant. King v. Mayor, etc., 102 N. Y. 171, 6 N. E. 395; Warvelle on Vendors, § 240; 8 Am. & Eng. Ency. 66, 68; 11 Cyc. 1059.

[3] While in the deed from Trimble to Connor there is a description by metes and bounds of a large tract of land through which Hamilton street ran at the time of the conveyance, yet the grant was made

subject expressly "to any rights that Long Island City, now a part of the city of New York, or the public may have in and to any streets or avenues included within the above metes and bounds, as laid out on the official map of Long Island City." Now, at the time of this conveyance, the title to the land in Hamilton street was vested in the city of New York for public use as a street. The proceeding to acquire such title was one begun to open Hamilton street as laid down on the official map of Long Island City, which by the Greater New York charter had become the official map of the city of New York. This proceeding was public, and all the world was charged with notice of its pendency. The vesting of title in the city in 1902 was a public act, of which notice was imputable and information easily obtainable. Ordinarily the "subject" clause quoted from the deed of Trimble to Connor would except from the grant whatever public rights had been theretofore acquired by the city, and therefore as to such existing rights there was no breach of the covenant of seisin, for it did not extend beyond the grant itself.

[4, 5] It is urged, however, that the "subject" clause above quoted cannot be given this effect. The ground of this argument is that this clause is practically a copy of similar clauses to be found in a number of deeds in the chain through which Trimble acquired title, and that, as in such deeds, it had no practical importance and was without practical effect, so in the deed from Trimble to Connor it must be deemed to be a mere conveyancing repetition made without intended application to then existing conditions. At the time of these earlier deeds, no public interest had been acquired in any streets shown on the official map of Long Island City, except such as might possibly arise from the mere laying down of the proposed street on the official map, and no public right or interest in the lands to be covered by the proposed streets did in fact arise from the mere laying out of the street on the official map, as such in itself was not an appropriation of the land to a public use. Forster v. Scott, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 545; Mott v. Eno, 181 N. Y. 346, 74 N. E. 229; Matter of City of New York, 200 N. Y. 536, 93 N. E. 498. In any event, though such "subject" clauses in the earlier deeds were unnecessary under the circumstances then existing, they cannot be said to have been meaningless, for they were clearly precautionary and intended to apply against a possible contingency, as to the legal effect of which the grantors insured themselves against. There had been a decided change of conditions when a similar clause was inserted in the deed from Trimble to Connor, and its use there was likewise precautionary, and, more than that, on its face it had application to existing facts publicly known. In the earlier deeds, this clause was intended to apply, if the facts and the law required its application. Therefore, how can it be said with show of reason that it did not apply later in the Trimble deed when there were conditions in fact and law to which it might apply? The deed which is involved in this controversy is one between Trimble and Connor.

[5] According to the settled principles of interpretation, every clause in it is to be given its appropriate meaning. It should not be robbed of meaning with relation to then existing facts simply because

a similar clause used in the deeds preceding in the chain of title had no practical application under the conditions then existing. It is urged, however, that Simms v. City of Brooklyn, 87 Hun, 35, 33 N. Y. Supp. 859, affirmed 147 N. Y. 703, 42 N. E. 722, is an authority to the contrary. That case was decided in 1895 by the General Term in the Second Department. It was affirmed in the Court of Appeals without opinion. In the General Term all the justices participating in the decision wrote separate opinions. The facts involved were as follows: A conveyance had been made for a nominal consideration of a lot of land in the city of Brooklyn, and the deed contained full covenants of warranty including one of seisin. The grant, however, was made "subject to the rights of the city of Brooklyn in and to so much of the front of the premises above described on North Second street as was taken or attempted to be taken for the widening thereof by an act passed April 19, 1871," etc. At the time of this deed title to the land so described had vested in the city of Brooklyn, though an award of damages was not made until many years after. When the award was made, a subsequent grantee claimed it on the ground that the deed referred to above constituted an assignment of the prospective award. At the trial this claim was upheld, but the judgment was reversed on appeal, all three justices of the court concurring in the view that the award was personal property and related back to the time when title vested in the city, and did not pass by the subsequent conveyance from the executrix of the then owner. In some of the opinions of the court in that case, there are to be found expressions which show that the court was much impressed by the fact that the consideration of the deed in question was expressed in a nominal amount. Cullen, J., in his concurring opinion, said:

"If it should be made to appear that there was a substantial consideration paid plaintiff for the conveyance, I think there would be little difficulty in holding that she had transferred by the conveyance her right to the award."

While this expression of opinion is entitled to great respect, it is at the same time obiter dictum, and not controlling. The court there had before it practically the same situation which came before the Court of Appeals a few years earlier in Magee v. City of Brooklyn, supra. Care must be taken in considering the opinion in the Magee Case, for the court in its opinion expressly declares that case to be sui generis. There title had been vested in the city of Brooklyn to lands required for the widening of North Second street under an act of the Legislature. The city did not go into actual possession for upwards of 18 years thereafter. In the meantime there were many conveyances of lots which embraced in description part of the lands of which the city had become vested in title. Some uncertainty prevailed as to whether the city would ever proceed with street widening. At the time the act was passed, one Shultz owned a lot, part of which was taken under the act. "He conveyed it by metes and bounds to Mrs. Schwartz by a full covenant deed, including in the description the whole lot, and therefore the land for which the award was made precisely as if the act had never been passed." Subsequently there were other conveyances until the title vested finally in Magee. All of these deeds contained full

129 N.Y.S.—21

covenants, and all of them, including that from Shultz, expressly granted "all the estate, right, title, interest, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in and to the same, and every part and parcel thereof." It was held by the court that considering the full covenants of the deed, and "under the circumstances of the case and the broad and comprehensive language of the deed, it can fairly be said that the parties intended to assign the award." This view it supported by further reasoning, and it then declared that:

"This view is reinforced now by the circumstance that none of them (i. e., the owners at the time title vested in the city) are making any claim to the award, and none of them, so far as appears, have ever made any such claim."

The deed in question in the Magee Case and that in question here differ in very important aspects. In the Magee Case the deed had no clause in any way referring to then existing rights of the city, as is the case here. Nor does the deed here contain the "broad and comprehensive language" of the Magee deed, for it does not purport to grant "all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in and to the same, and every part and parcel thereof." Nor is the contention of the claimant Hirschman "reinforced now by the circumstance that" the owner at the time of the vesting of title in the city makes no claim to the award. It would appear, therefore, that the decision in the Magee Case, sui generis as the court declared it, does not apply to and control the case now at bar.

The other authorities relied upon by the learned Special Term, to wit, Matter of Thompson, supra, Shields v. Pittsburg, supra, arose under circumstances so essentially different as to render them likewise inapplicable here. We are of opinion, therefore, that Hirschman has not shown himself entitled to the award in question, but that, on the contrary, so far as goes the record now before us, Trimble is entitled thereto.

The order appealed from recites the appearance of the city of New York, and that it made no opposition thereto. The city has not appealed, but it has appeared on the argument before this court, and has submitted briefs as an amicus curiæ. It is its present contention that the award in dispute should never have been made, as the land taken for Hamilton street was already burdened by easements of access in favor of owners of lots fronting on a part thereof, and it asks that this court should remit the whole matter to the Special Term in order that the final order in the street opening proceeding may be vacated and the question of awards reheard. Precedents for such a course may be found in Matter of City of New York (Decatur Street) 196 N. Y. 286, 89 N. E. 829; Matter of Schneider, 199 N. Y. 581, 92 N. E. 791; Matter of City of New York (Carroll Street), 137 App. Div. 39, 121 N. Y. Supp. 435.

In all three of the cases just cited, it appeared unquestionably that the lands for which the disputed awards were made were burdened with easements of access when the city acquired title, and that such awards should have been but nominal. In the record now before us

there is no proof of a similar situation. The city urges that it appears on the face of this record that for some of the parcels taken there were but nominal awards while for others there were substantial awards, and this indicates error on the part of the commissioners of estimate, as all the parcels were situated similarly. Nothing appears in this record as to the situation affecting these various parcels, and we are not called upon to presume error or improper conduct on the part of the commissioners, especially in view of the fact that the difference in the awards suggests on its face a difference in situation of the damage parcels, in that some were burdened with easements of access and only nominal damages awarded, and some were free from such burdens and substantial damages awarded. The order appealed from should be reversed, with $10 costs and disbursements, and the motion of the claimant Hirschman should be denied, with costs to be taxed as in an action. As it does not appear from the record before us that the claimant Trimble has made any cross-motion, she is remitted to the Special Term for such relief as she may seek, without prejudice to any application that may be made by the city of New York to reopen the final order in the street opening proceeding upon proofs showing that the land taken in the proceeding and for which the disputed awards were made was already burdened with easements of access, provided such application be made within 20 days.

HIRSCHBERG, BURR, and THOMAS, JJ., concur; JENKS, P. J., taking no part.