[No. 10766.   Department One.   May 1, 1913.]

THE STATE OF WASHINGTON, *on the Relation of William Murray, Respondent,* v. JARED HERDLICK *et al., Appellants.*[1]

EMINENT DOMAIN—COMPENSATION—PAYMENT BY CITY—COLLECTION OF ASSESSMENTS—COMPLETION OF APPROPRIATION. Where a city has condemned land to be paid for by special assessments, under Rem. & Bal. Code, § 7817, providing that if it desires to take possession it may advance the compensation awarded, and has not abandoned the proceedings within the time limited by § 7816, giving the city two months within which to discontinue the proceedings, the property owner is entitled to receive a warrant in satisfaction of the compensation awarded without waiting for the collection of the assessments, although the city has not taken possession of the property; since the appropriation is complete when the time for abandonment has expired.

Appeal from a judgment of the superior court for Spokane county, Pendergast, J., entered June 17, 1912, upon findings.

[1]Reported in 131 Pac. 1139.

in favor of the plaintiff, after a trial on the merits before the
court, in an action for a writ of mandamus to compel the
issuance of a warrant in payment of a judgment in con-
demnation proceedings.   Affirmed.

*Thomas P. Ferry* and *William E. Richardson*, for appel-
lants.

*Belt & Powell*, for respondent.

MOUNT, J.—This appeal is from a judgment in man-
damus requiring the appellants to issue a warrant upon the
general fund of the city of Hillyard in satisfaction of a
judgment in condemnation in favor of the relator.

It appears that on March 22, 1912, a judgment in con-
demnation was entered in favor of the relator for $1,174.25,
for property which the city desired to take from the relator.
Thereafter, the city of Hillyard took no further proceed-
ings.   After the expiration of two months the relator sat-
isfied the judgment of record, and applied to the clerk of said
city for a warrant upon the general fund of the city in
payment of the judgment.   The city refused to issue the
warrant.   This action was then brought.

The only question presented upon this appeal is whether
the city may be required to issue its general fund warrant
as demanded by the relator.   The appellant contends that,
under Rem. & Bal. Code, § 7817, relator is not entitled to
the warrant prayed for.   That section provides:

"If any city or town shall desire to take possession of any
property or do any damage or proceed with any improve-
ment, the compensation for which is to be paid for in whole
or in part by the proceeds of special assessment under this
act, it may advance from its general funds, or any moneys
available for the purpose, the amount of the assessments
aforesaid, and pay the same to the owner or into court, as
herein provided, reimbursing itself for moneys so advanced
from the special assessments aforesaid."

It is contended that because the city has not actually taken the property, it cannot be required to make compensation therefor under this statute.

Section 7816, Rem. & Bal. Code, provides:

"At any time within two months from the date of rendition of the last judgment awarding compensation for any such improvement in the superior court, or if any appeal be taken, then within two months after the final determination of the appeal in the supreme court, any such city may discontinue the proceedings by ordinance passed for that purpose before making payment or proceeding with the improvement by paying or depositing in court all taxable costs incurred by any parties to the proceedings up to the time of such discontinuance."

It is conceded in this case that the city did not abandon the proceedings, and no appeal was taken from the judgment. Clearly, therefore, under the rule in *State ex rel. Donofrio v. Humes*, 34 Wash. 347, 75 Pac. 348, the relator was entitled to the warrant demanded in this case; for there we said:

"It is, however, urged that the city has not yet taken possession of the condemned property, that appellants have had the benefit of the use thereof, and should therefore not recover interest upon their award. Section 822, Bal. Code, provides that the city may, within two months from the date of the condemnation judgment, if no appeal be taken, discontinue the proceedings and pay the costs. Not having so discontinued the proceeding in question, it must be held that the city has elected to abide by the award and appropriate the property. It follows that, since the expiration of said two months' period, the appropriation has been complete, with the exception of actual satisfaction of the judgment and taking possession by the city, which it was at liberty to do at any time. The proceeding has, therefore, resulted in an obligation which is binding upon the city, and from which it may not withdraw, at least not without consent of the property judgment holders."

This is conclusive of the question presented here. The fact that the city has not taken actual possession of the prop-

erty, and the fact that the city intends that the improvement shall be paid for out of a special improvement fund, does not require the relator to wait for his money until such improvement fund is collected.

The lower court was clearly right, and the judgment is therefore affirmed.

CROW, C. J., PARKER, and CHADWICK, JJ., concur.