[No. 11092.   Department Two.   June 13, 1913.]

*In re* TWELFTH AVENUE SOUTH.
YESLER LOGGING COMPANY, *Respondent*, v. SEATTLE
ELECTRIC COMPANY, *Appellant*.[1]

EMINENT DOMAIN — COMPENSATION — PERSONS ENTITLED—CONVEY-
ANCE PENDING PROCEEDINGS.   A warranty deed without reservation
of lands damaged by a pending condemnation, after the verdict for
damages but prior to entry of judgment or payment of the award or
the damaging of the property, entitles the grantee to the compensa-
tion awarded, in view of the fact that under Const., art. 1, § 16, and
Rem. & Bal. Code, §§ 7783, 7784, and 7816, the condemnation is not
completed or the award an enforceable demand until the entry of the
last judgment and expiration of the statutory period for abandon-
ment of the proceedings or waiver thereof.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered November 30, 1912, denying an
application for substitution in a condemnation judgment,
and awarding the ownership of money paid into court.   Re-
versed.

*James B. Howe*, and *Hugh A. Tait*, for appellant.
*James B. Murphy*, for respondent.

ELLIS, J.—This case presents a contest between the owner
of land at the date of a verdict, and the owner at the date of
the final judgment, in condemnation, as to which shall receive
the money paid into court in compensation for the right to
damage the land by a regrade of certain streets by the city
of Seattle.   At the date of the condemnation proceedings
by the city, and at the date of the verdict assessing the dam-
ages, the Yesler Logging Company was the owner of the
land.   Prior to the entry of the judgment upon the verdict,
and prior to the payment of the compensation awarded into
the registry of the court, and prior to the date of doing the
damage to the property for which compensation was paid

[1]Reported in 132 Pac. 868.

into court, that company sold and conveyed the land by warranty deed, describing the land by metes and bounds, "together with the appurtenances," and without any reservation, to the Seattle Electric Company. After these things had been done, the latter company, claiming the right to the money as owner of the land, applied to be substituted in place of the Yesler Logging Company in the judgment of condemnation. The court, holding the logging company entitled to the money, denied the application. The Seattle Electric Company appealed.

Under these admitted facts, appellant contends, and we think justly, that it is entitled to the compensation paid into court for the privilege of damaging the land. In the absence of any reservation in the deed of conveyance to the contrary, or of facts showing estoppel or other contravening equity, such as payment of a less price by reason of the pending condemnation proceeding, the person owning the land at the time the right to take or damage it became irrevocable in the city should be entitled to the compensation for such damage. Prior to that time, both the right to take or damage and the obligation to pay for that right are inchoate, uncertain and contingent, and may never mature. An abandonment of the condemnation by the city would defeat the one and abort the other. Where the conveyance of the land pending condemnation is by deed without reservation, the only certain and just rule is that the money to be paid for the right to take or damage the property shall be paid to the person or persons owning the property or having an interest therein at the time when the condemnation has reached that point of completion where it is not subject to abandonment, and when the right to the compensation becomes an enforceable demand against the condemner. This is the necessary result of the decision in *North Coast R. Co. v. Gentry*, 73 Wash. 188, 131 Pac. 856, where we held that the title passed by the condemnation when the condemner had estopped itself from abandoning the condemnation. The

inquiry is thus reduced to the simple question, When did the right to damage and the correlative obligation to pay become fixed and irrevocable? The statute conferring the right upon and governing the exercise of the power of eminent domain by cities, so far as here material, provides:

"Any final judgment or judgments rendered by said court upon any finding or findings of any jury or juries, or upon any finding or findings of the court in case a jury be waived, shall be lawful and sufficient condemnation of the land or property to be taken, or of the right to damage the same in the manner proposed, upon the payment of the amount of such findings . . ." Rem. & Bal. Code, § 7783 (P. C. 171 § 61).

"The court, upon proof that just compensation so found by the jury, or by the court in case the jury is waived, together with costs, has been paid to the person entitled thereto, or has been paid into court as directed by the court, shall enter an order that the city or town shall have the right at any time thereafter to take possession of or damage the property in respect to which such compensation shall have been so paid or paid into court as aforesaid, and thereupon, the title to any property so taken shall be vested in fee simple in such city or town." Rem. & Bal. Code, § 7784 (P. C. 171 § 63).

"At any time within two months from the date of rendition of the last judgment awarding compensation for any such improvement in the superior court, or if any appeal be taken, then within two months after the final determination of the appeal in the supreme court, any such city may discontinue the proceedings by ordinance passed for that purpose before making payment or proceeding with the improvement by paying or depositing in court all taxable costs incurred by any parties to the proceedings up to the time of such discontinuance. . . ." Rem. & Bal. Code, § 7816 (P. C. 171 § 127).

The state constitution, art. 1, § 16, contains the following: "No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner . . ." These

statutory provisions, construed in connection with the constitutional requirement, make it plain that, prior to the entry of the judgment and the payment into court, the city acquires no right to take or damage the land, and that the owner acquires no right to compensation until the expiration of sixty days after the entry of judgment, unless the compensation be sooner paid into court. The owner is not divested of his title, nor can his property be lawfully damaged until compensation is made or paid into court. The proceeding is *in rem*, and the property is not condemned until the entry of the last judgment therein and the expiration of the statutory period accorded for abandonment or a waiver of the right of abandonment by an earlier payment. Until then the owner has acquired no vested, personal right to enforce payment. 2 Lewis, Eminent Domain (3d ed.), p. 1561, § 895. Until then neither he nor his property has sustained damage. Then, and not till then, the title to the property or the right to damage it passes to the city, and the title to the money passes to the owner, unless he appeals. *Spokane v. Cowles*, 67 Wash. 539, 121 Pac. 463; *State ex rel. Murray v. Herdlick*, 73 Wash. 301, 131 Pac. 1139; *State ex rel. Donofrio v. Humes*, 34 Wash. 347, 75 Pac. 348; *Silverstone v. Harn*, 66 Wash. 440, 120 Pac. 109. The courts of Illinois, under a statute similar to ours in essential particulars, has construed the rights of the condemner and the condemnee as to the land, and also the rights of grantor and grantee as to the money paid for the taking or damaging of property, in accordance with the view which we herein express.

"A conveyance by one having the title when the judgment of condemnation is entered, and before possession is taken or payment is made, passes the property subject to the right of the petitioner for condemnation to acquire the same upon payment of the amount of the judgment. (*Price v. Engelking*, 58 Ill. App. 547). And it is true, as a general thing, that the grantee from the person, holding the title when the judgment of condemnation is entered, is entitled to the compensation when the compensation is paid. In other words, the

one who is entitled to receive the award of damages is the person who is owner when the possession is taken, or the payment of the damages is made." *Chandler v. Morey*, 195 Ill. 596, 63 N. E. 512.

The fact that in the case quoted there was a specific reservation of the condemnation award, taking the case out of the general rule, merely exemplifies that rule as we have stated it. See, also, *Chicago v. Barbian*, 80 Ill. 482; *Price v. Engelking*, 58 Ill. App. 547; *Schreiber v. Chicago & E. R. Co.*, 115 Ill. 340, 3 N. E. 427.

"In general where property is conveyed during condemnation proceedings and before possession is taken, the person entitled to the compensation is the one who owns the premises when possession is actually taken. Thus the vendee is entitled to the damages where the land is conveyed to him after the award but before there has been a final confirmation." 15 Cyc. 797.

See, also, *Howley v. Pittsburg*, 204 Pa. St. 428, 54 Atl. 347; *Meginnis v. Nunamaker*, 64 Pa. St. 374; *Carli v. Stillwater & St. Paul R. Co.*, 16 Minn. 260; *Magee v. Brooklyn*, 144 N. Y. 265, 39 N. E. 87; *In re Hamilton Street*, 144 App. Div. 702, 129 N. Y. Supp. 317; *Roberts v. Northern Pac. R. Co.*, 158 U. S. 1; *Virginia-Carolina R. Co. v. Booker*, 99 Va. 633, 39 N. E. 591; *Obst v. Covell*, 93 Minn. 30, 100 N. W. 650; *Clark v. Meyerdirck*, 107 Md. 63, 68 Atl. 141; *Kiebler v. Holmes*, 58 Mo. App. 119.

There is no controlling significance in the fact that the judgment when entered carries interest from the date of the verdict, as held in *North Coast R. Co. v. Aumiller*, 61 Wash. 271, 112 Pac. 384, and *State ex rel. Donofrio v. Humes*, *supra*. This arises merely from the fact that of necessity the damages are assessed as of the date of the trial. That, however, can make no possible difference in relation to the question here presented, since the proceeding is one *in rem*. No right to the money, either principal or interest, attaches until the title to the land or the right to damage it passes by

payment or by the expiration of the period accorded for abandonment.

Our holding in *In re Seattle*, 26 Wash. 602, 67 Pac. 250, does not militate against the views here expressed. In that case the damage had actually been done by a physical change of the street grade before the title passed to the mortgagee by foreclosure and sale. He purchased the land in its damaged condition for the full mortgage debt. His claim was thus satisfied in full. He, therefore, had no right to compensation for damage to the property which had been actually accomplished before he acquired it. The fact that the condemnation to assess this damage which had already accrued, and compensation for which had already become a vested right, was completed subsequent to the foreclosure sale, did not divest the mortgagor's personal claim which had attached and become a mature obligation against the city prior to that sale. The right to the damages having already accrued as a personal right could not pass as appurtenant to the land, but only by an assignment. *Chicago v. Barbian, supra; In re Hamilton Street, supra; Turner v. Missouri Pac. R. Co.*, 130 Mo. App. 535, 109 S. W. 101; *Smith v. Nashville & K. R. Co.*, 88 Tenn. 611, 13 S. W. 128; *Chicago, B. & Q. R. Co. v. Englehart*, 57 Neb. 444, 77 N. W. 1092.

The respondent, so far as the record shows, having received from the appellant full consideration for the property in its undamaged condition, having conveyed it with the appurtenances to the appellant by warranty deed without reservation, and the right to damage the land having been acquired by the city after this conveyance, and the damage having been actually inflicted by the city while the appellant was the owner, the appellant, under a statute such as ours, is both on reason and authority entitled to the compensation. We have been cited to no authority arising under a statute similar to ours holding to the contrary.

The judgment is reversed, and the cause is remanded with direction to substitute the appellant for the respondent in

the judgment of condemnation, and to award to the appellant the money paid into the registry of the court for the right to damage this property. .

CROW, C. J., MAIN, FULLERTON, and MORRIS, JJ., concur.