[No. 11172.   Department Two.   June 13, 1913.]

JOHN L. DAMON, *Respondent*, v. JOHN E. RYAN *et al.*, *Appellants.*[1]

EMINENT DOMAIN—COMPENSATION — PERSONS ENTITLED—LOSS OF TITLE PENDING PROCEEDINGS. The purchaser at execution sale of lands damaged by a pending condemnation, after verdict but prior to entry of judgment, is entitled to the compensation in view of the fact that the condemnation is not completed or the award an enforceable demand until the entry of the last judgment and the expiration of the statutory period for abandonment of the proceedings or waiver thereof; since the purchaser at judicial sale is regarded as the owner from the day of sale, where he afterwards received his sheriff's deed.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 22, 1913, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to determine title to an award in condemnation proceedings. Reversed.

*Grover E. Desmond* and *Clise & Poe*, for appellants.

*James A. Snoddy*, for respondent.

ELLIS, J.—This is an action to determine the right to money paid into the registry of the court by the city of Seattle for the right to damage certain lots by a regrade of the streets upon which they abut. Prior to January 5, 1911, the plaintiff was the owner of an undivided one-half of the lots in question as his separate property. On that date his wife, Lillie A. Damon, procured a decree of divorce and a

[1]Reported in 132 Pac. 871.

judgment for $7,500 alimony against him. The decree made
this sum payable in installments, declared it a lien upon his
interest in these lots, and provided that, on his failure to
meet any installment when due, the whole sum should become
due and enforceable. He failed to make payment of ali-
mony, and on April 12, 1911, execution therefor was levied
upon this property. The plaintiff's interest in these lots was,
at the sale on execution, purchased by Lillie A. Damon, to
whom a certificate of purchase issued on May 27, 1911, in
full satisfaction of her claim for alimony. On June 30, 1911,
she assigned an undivided one-half interest in this certificate
to the defendant John E. Ryan. Plaintiff failing to redeem,
a sheriff's deed was issued to the defendants Lillie A. Damon
and John E. Ryan, conveying an undivided one-half inter-
est in the lots. Prior to the divorce decree, the city had in-
stituted condemnation proceedings to acquire the right to
damage this property by regrading certain adjacent streets.
The verdict awarding $1,247.30 for this right was entered in
the condemnation suit on May 25, 1911, just two days prior
to the issuance of the certificate of purchase on the execution
sale to Mrs. Damon. On July 25, 1911, a formal judgment
of condemnation on the verdict was signed by the court, filed
and entered in the condemnation proceeding, and the amount
of the award paid by the city into the registry of the court.
The trial court held that the plaintiff, John L. Damon, was
entitled to this money. The defendants, John E. Ryan and
wife, have appealed.

Our decision in the recent case in *In re Twelfth Avenue
South*, *ante* p. 132, 132 Pac. 868, is decisive of this case. We
there said:

"Where the conveyance of the land pending condemnation
is by deed, without reservation, the only certain and just rule
is that the money to be paid for the right to take or damage
the property shall be paid to the person or persons owning
the property or having an interest therein at the time when
the condemnation has reached that point of completion where
it is not subject to abandonment and when the right to the

compensation becomes an enforceable demand against the condemner."

As there pointed out, that stage is reached only at the expiration of sixty days from the entry of the last judgment in the condemnation proceeding, unless compensation be sooner paid into court. *North Coast R. Co. v. Gentry*, 73 Wash. 188, 131 Pac. 856; *Spokane v. Cowles*, 67 Wash. 539, 121 Pac. 463; *State ex rel. Murray v. Herdlick*, 73 Wash. 301, 131 Pac. 1139; *State ex rel. Donofrio v. Humes*, 34 Wash. 347, 75 Pac. 348; *Silverstone v. Harn*, 66 Wash. 440, 120 Pac. 109; *Price v. Engelking*, 58 Ill. App. 547; *Chandler v. Morey*, 195 Ill. 596, 63 N. E. 512; *Chicago v. Barbian*, 80 Ill. 482; *Schreiber v. Chicago & E. R. Co.*, 115 Ill. 340, 3 N. E. 427; *Meginnis v. Nunamaker*, 64 Pa. St. 374; *Howley v. Pittsburg*, 204 Pa. St. 428, 54 Atl. 347; *Carli v. Stillwater & St. Paul R. Co.*, 16 Minn. 260; *Magee v. Brooklyn*, 144 N. Y. 265, 39 N. E. 87; *In re Hamilton Street*, 144 App. Div. 702, 129 N. Y. Supp. 317; *Roberts v. Northern Pac. R. Co.*, 158 U. S. 1; *Virginia-Carolina R. Co. v. Booker*, 99 Va. 633, 39 S. E. 591; *Obst v. Covell*, 93 Minn. 30, 100 N. W. 650; *Kiebler v. Holmes*, 58 Mo. App. 119; *Clark v. Meyerdirck*, 107 Md. 63, 68 Atl. 141; *In re Baird*, 22 N. Y. Supp. 1021.

While the point is not material, in view of our conclusion, we hold that the clerk's entry of judgment in his minutes on the verdict is not the final judgment. It is lacking in many of the elements of a final judgment of appropriation. The facts in *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210, 126 Pac. 434, are wide of a parallel.

It is manifest that, if the city had abandoned the condemnation proceedings within the sixty days after judgment, Mrs. Damon and the appellants would have taken the property *undamaged*. When the money was paid into court, the right to damage the property for the first time attached, and the right to the compensation for the first time became a vested, personal right. The proceeding for condemnation

being *in rem*, the right to the compensation vested in the then owner of the property. No assignment of this claim was necessary or proper, since no personal right had prior to that time arisen. 2 Lewis, Eminent Domain (3d ed.), § 895. As indicated in the opinion in *In re Twelfth Avenue, supra*, the decision in *In re Seattle*, 26 Wash. 602, 67 Pac. 250, does not militate against the view here expressed. There the property had been physically damaged by an actual performance of the work of changing the street grade prior to any suit for condemnation, and prior to the purchase of the property at the foreclosure sale by the mortgagee. The right to damages for the change of grade had already vested in the mortgagor as a personal right by the actual damaging of the property while it was his. The mortgagee bid in the property *in its damaged condition* in full satisfaction of his mortgage debt. The distinction from the case before us is plain.

"A purchaser at judicial sale before the property is taken, who receives a deed afterwards, is to be regarded as owner from the day of sale and is entitled to the compensation." 2 Lewis, Eminent Domain (3d ed.), § 895.

The appellants are clearly entitled to one-half of the award for damaging these lots.

The judgment, so far as it relates to the sum of $311.82 claimed by the appellants John E. Ryan and wife, is reversed, and the cause is remanded with direction to modify the judgment in accordance with this opinion. The appellants may recover their costs.

CROW, C. J., MAIN, FULLERTON, and MORRIS, JJ., concur.