In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to Union Turnpike from Austin Street to Queens Boulevard, and Grand Central Parkway from Queens Boulevard to the Easterly City Line, etc., in the Borough of Queens, City of New York. HILLCREST GARDENS, INC., Appellant; ST. JOHN'S UNIVERSITY, BROOKLYN, Petitioner, Respondent; BERTHA HELLINGER, Executrix, etc., of SAMUEL HELLINGER, Deceased, and CITY OF NEW YORK, Respondents.— In a proceeding for the condemnation of real property, order granting application of St. John's University, Brooklyn, for the payment to it of the awards made in the eighth separate and partial final decree therein for damage parcels Nos. 137 and 140, affirmed, with fifty dollars costs and disbursements to petitioner-respondent. Although we are in accord with the appellant that the petitioner-respondent is not entitled to the awards by virtue of any right flowing from the sheriff's sale and deed (cf. *Matter of City of Rochester*, 136 N. Y. 83, 90, *Damon v. Ryan*, 74 Wash. 138; 132 P. 871; *Hill v. Wine*, 35 App. Div. 520; *King v. Mayor, etc., of N. Y.*, 102 N. Y. 171–175), which latter purports *inter alia* to convey to the vendee therein named, the predecessor in interest of the petitioner-respondent, those awards which were then merely potential, we are of opinion and decide that the petitioner-respondent is entitled to the awards as a mortgagee having a primary lien thereon, not destroyed or impaired in any way by the petitioner-respondent's satisfaction of the mortgage under the circumstances disclosed in the record. The petitioner-respondent by mesne assignments (Hillcrest Holding Co., Inc., to Rothstein, April 3, 1936; Rothstein to Rocklyn Realty Corporation, April 3, 1936; and Rocklyn Realty Corporation to petitioner-

respondent, May 8, 1936) duly acquired the rights of Hillcrest Holding Co., Inc., in the mortgage, originally for $300,000, covering the entire property; and, therefore, upon plain principles became entitled to the awards in question. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Matter of City of New York* [*Neptune Ave.*], 271 id. 331.) The petitioner-respondent,[1] upon this record, duly acquired otherwise, by means of instruments sufficient to convey the title, the fee of the property not condemned, and later, then owning both such mortgage and fee title, satisfied the mortgage of record. The filing of the satisfaction-piece will and should be disregarded in equity, and the mortgage is deemed to be still outstanding and unsatisfied in order to do justice and to prevent the unjust enrichment of Hillcrest Gardens, Inc., the mortgagor, at the expense of the petitioner-respondent. (*Arnold* v. *Green*, 116 N. Y. 566, 571, 572, and cases therein cited.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.