[No. 29009. Department Two. June 12, 1943.]

*In re* FOURTH AVENUE SOUTH, SEATTLE.

GEORGE NELSON *et al., Appellants,* v. JOSEPH J. LANZA, *Respondent.*[1]

[1]Reported in 138 P. (2d) 667.

*John W. Whitham,* for appellants.

*Eggerman, Rosling & Williams,* for respondent.

ROBINSON, J.—The relevant facts in this matter are not in dispute. On the 10th of June, 1941, the respondent Lanza, having an unsatisfied judgment against the appellants, George Nelson and Agnes Nelson, his wife, issued an execution which was duly levied upon their undivided half interest in the west 270 feet of lots 1 to 5, inclusive, block 272, Seattle tide lands. The other half interest stood in the names of the trustees of the Lehman trust. Lanza purchased the Nelsons' half interest at the ensuing execution sale on July 19, 1941, for the sum of two hundred dollars. The sale was regularly confirmed, and he received the sheriff's certificate of purchase.

In January, 1942, the city of Seattle began a proceeding *in rem* to condemn a portion of the lots for street purposes. Such proceedings were had that, pursuant to a jury verdict, it was ordered and adjudged, on April 15, 1942, that

". . . the just compensation to be paid to the owners, occupants *and persons otherwise interested therein* for the taking of the following described real property, to-wit

"The west twenty (20) feet of the west two hundred seventy (270) feet of Lots 1, 2, 3, 4, and 5, Block 272, Seattle Tide Lands, which the defendants King County; Anna D. Lehmann, as trustee, John F. Lehmann, Christian H. Lehmann, Elise C. Ellsworth, Ellen M. Whitaker, Anna D. Lehman; George Nelson and Agnes Nelson, his wife; and Joseph J. Lanza claim to own or to be otherwise interested in, is the sum of One Thousand Eight Hundred Twenty-five and 60/100 Dollars ($1825.60)." (Italics ours.)

Shortly after entry of judgment, the city paid the award into court. On July 21, 1942, the statutory

period of redemption having expired and no redemption having been made, the sheriff of King county issued a deed conveying to Lanza all the right, title, and interest of the Nelsons in the property. At this date, legal title to the portion taken had passed to the city, and the lump sum awarded by the jury "to the owners, occupants and persons otherwise interested therein" with respect to the taking was in the registry of the court for distribution. Lanza petitioned the court for one-half of the award and cited his co-defendants, the Nelsons, to show cause why his petition should not be granted. Mr. Nelson appeared on the date set for the hearing of the petition and orally stated that the judgment upon which Lanza's execution was based was fraudulent. He conceded that no appeal had been taken from it, and his claims of fraud and deceit were somewhat incoherent. The court refused to reopen the case in which the judgment was rendered, holding the attack collateral, and, upon the undisputed facts hereinabove stated, entered the order granting the prayer of the petition. From that order, this appeal is taken.

On appeal, the Nelsons are represented by counsel who contend, though, we think, not very seriously, that the court erred in not permitting the Nelsons to relitigate the action which resulted in the judgment upon which an execution was issued. An attack upon a judgment in defense of an action to enforce it is a typical example of collateral attack. 1 Freeman on Judgments (5th ed.) 623, § 310.

It is, however, strenuously contended that, since the Nelsons were the *legal* owners of the half interest at the time the condemnation award was paid into court, they became the owners of one-half of the award, and that Lanza is entitled to no part thereof. It is urged that he had no conveyance but only a certificate of purchase at the time the award was made.

But that certificate entitled him to possession during the redemption period (Rem. Rev. Stat. (Sup.), § 602 [P. C. § 7917]), to the rents and profits, if any, during that period (Rem. Rev. Stat., § 600 [P. C. § 7915]), and to a deed, if no redemption was made within the statutory period (Rem. Rev. Stat., § 603 [P. C. § 7918]). He, therefore, had an interest in the property.

In the early case of *Diamond v. Turner*, 11 Wash. 189, 39 Pac. 379, this court held that a certificate of purchase and confirmation of sale passes substantial title. As is pointed out in *Atwood v. McGrath*, 137 Wash. 400, 242 Pac. 648, we have since repeatedly held that a certificate of purchase is but an evidence of inchoate estate. But whatever the interest a purchaser acquires in the property purchased at an execution sale may be called, it is, at least, an interest for which value was given and of which he cannot be deprived without compensation.

If the condemnation award should be decreed to the appellants as legal owners, the final and net result would be that the city acquired Lanza's interest in the property without giving him just, or any, compensation therefor. But, as we have seen from that portion of the judgment above quoted, the award was not to the *legal* owner of the property, but to the owner "and persons otherwise interested therein."

In entering the order appealed from, the trial court followed our decision in *Damon v. Ryan*, 74 Wash. 138, 132 Pac. 871, Ann. Cas. 1915 A, 734. It is directly in point, has never been overruled, and is in accord with the law as stated in 2 Lewis, Eminent Domain (3rd ed.) 1559, § 895. See, also, 18 Am. Jur. 870, § 236, which cites *Damon v. Ryan, supra,* in a footnote to its text.

The order appealed from is affirmed.

SIMPSON, C. J., BEALS, BLAKE, and GRADY, JJ., concur.