MANHATTAN STRAW BOARD CO., Respondent, v. JONES et al., Appellants. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Action by the Manhattan Straw Board Company against Frank S. Jones and others. R. H. Wilson, for appellants. M. A. Elias, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

MANTHAI, Appellant, v. ERIE, R. CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 22, 1906.) Action by Emma K. Manthai, as administratrix of the goods, chattels, and credit of Herman C. Manthai, deceased, against the Erie Railroad Company, impleaded. No opinion. Motion denied.

MARINE MFG. & SUPPLY CO., Respondent, v. PERRY, Appellant. (Supreme Court, Appellate Division, Second Department. October 12, 1906.) In the matter of supplementary proceedings in Marine Manufacturing & Supply Company against Robert Perry. No opinion. Order of the County Court of Queens County affirmed, with $10 costs and disbursements.

MARK v. ROCHESTER & E. R. RY. CO. (Supreme Court, Appellate Division, Fourth Department. July 12, 1906.) Action by Angelo Mark, as, etc., against the Rochester & Eastern Rapid Railway Company.
PER CURIAM. Appeal of Salvatore Vella dismissed, with costs, including $10 costs of motion, unless within 10 days said appellant pay to the plaintiff's attorney on this motion $10 costs, and serve and file printed papers on appeal, as required by the rules of practice, within 30 days from date of service of a copy of this order, together with notice of entry thereof, and be prepared to argue said appeal during the first week of the next regular term of this court; such service to be made on plaintiff's substituted attorney.

MARRONEY, Appellant, v. CITY OF NEW YORK. Respondent. (Supreme Court, Appellate Division, First Department. June 15, 1906.) Action by James Marroney against the City of New York. C. S. Aronstam, for appellant. T. Connoly, for respondent.
PER CURIAM. Judgment affirmed, with costs. Order filed.
PATTERSON, J., dissents.

MARTIN, Appellant, v. HIGGINSON, Respondent. (Supreme Court, Appellate Division, First Department. June 20, 1906.) Action by Margaret C. Martin against Margaret Higginson. W. E. Benjamin, for appellant. C. Norwood, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

MAY et al., Respondents, v. WRIGHT, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 10, 1906.) Action by Charles H. May and others against Mary J. Wright. No opinion. Judgment affirmed, with costs.

In re MEADE. (Supreme Court, Appellate Division, First Department. June 8, 1906.) In the matter of Clarence W. Meade. No opinion. Motion to tax expenses, etc., granted. Settle order on notice.

In re MEAGHER. (Supreme Court, Appellate Division, First Department. June 8, 1906.) In the matter of William J. Meagher. No opinion. Application denied. Settle order on notice.

In re MEHLE'S WILL. (Supreme Court, Appellate Division, Fourth Department. May 16, 1906.) In the matter of the probate of the last will and testament of Margaret C. Mehle, deceased. No opinion. Decree of Surrogate's Court affirmed, with separate bills of cost to the adult respondent and the special guardian, payable out of the estate.

MERRIAM, Respondent, v. JOHNSON, Appellant. (Supreme Court, Appellate Division, First Department. June 25, 1906.) Action by Louise J. Merriam against David S. Johnson. No opinion. Application granted. Order signed.

MESSINA, Respondent, v. UNITED STATES MORTGAGE & TRUST CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by Frank Messina, sometimes known as Frank De Cola, against the United States Mortgage & Trust Company, as receiver of the Brooklyn Wharf & Warehouse Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event; on the authority of Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725, and Agresta v. Stevenson (decided April 27, 1906) 98 N. Y. Supp. 594.

METROPOLITAN MILK & CREAM CO. v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. June 15, 1906.) Action by the Metropolitan Milk & Cream Company against the city of New York. No opinion. Motion granted, questions certified, order filed.

MILLER, Respondent, v. NEW YORK & Q. C. RY. Co., Appellant. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Mary Miller against the New York & Queens County Railway Company. No opinion. Judgment and order of the County Court of Queens County unanimously affirmed, with costs.

MINER, Respondent, v. INTERBOROUGH RAPID TRANSIT CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 12, 1906.) Action by Elizabeth Miner against the Interborough Rapid Transit Company. No opinion. Judgment and order unanimously affirmed, with costs.

MISHKIND FEINBERG CO. v. SIDOWRSKY. (Supreme Court, Appellate Division, First Department. June 8, 1906.) Action by

the Mishkind Feinberg Company against Louis Sidowrsky. No opinion. Motion denied, with $10 costs. Settle order on notice.

---

In re MOCK'S ESTATE. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) In the matter of the transfer tax upon the estate of Veronica Mock, deceased. No opinion. Order of the Surrogate's Court of Kings County (99 N. Y. Supp. 236) reversed, without costs, on the authority of matter of Corbett's Estate, 171 N. Y. 516, 64 N. E. 209.

---

MOISON, Appellant, v. BURR, Respondent. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by John W. Moison against Henry B. Burr. No opinion. Judgment and order of the County Court of Rockland county reversed, and new trial ordered, costs to abide the event; on the ground that the verdict was contrary to the evidence.

---

MOLITERNO, Appellant, v. VAUGHN, Respondent. (Supreme Court, Appellate Division, Third Department. June 27, 1906.) Action by Pietro Moliterno, as administrator, etc., against Jehiel Vaughn. No opinion. Judgment unanimously affirmed, with costs.

---

In re MONTEREY AVE. (Supreme Court, Appellate Division, First Department. June 15, 1906.) In the matter of Monterey avenue. No opinion. Motion denied, with $10 costs. Order filed.

---

MOORE, Appellant, v. BELL & FYFE FOUNDRY CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by William Moore against the Bell & Fyfe Foundry Company. No opinion. Judgment and order affirmed, with costs.

---

MOORE, Respondent, v. COLER et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 26, 1906.) Action by Edwin G. Moore against William N. Coler, Sr., and others. No opinion. Motion denied.

---

MOORE, Respondent, v. NEW YORK & Q. C. R. Co., Appellant. (Supreme Court, Appellate Division, Second Department. June 15, 1906.) Action by Michael Moore against the New York & Queens County Railway Company. No opinion. Judgment of the Municipal Court affirmed, with costs.
(114 App. Div. 917)

MOOREHEAD, Respondent, v. VAN DYKE, Appellant. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Thomas A. Moorehead against Albert M. Van Dyke. From a judgment for plaintiff, defendant appeals. Affirmed. Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ. Francis S. McDivitt, for appellant. Henry Escher, Jr. (George F. Elliott, on the brief), for respondent.

PER CURIAM. Affirmed.

GAYNOR, J. (dissenting). There is no evidence that the minds of the purchaser and seller ever met on a price. The property was a farm consisting of upland and meadow land, between 28 and 29 acres of the former and 3 and 4 acres of the latter. The plaintiff says that he went to see the defendant and asked him if his property was for sale; that the defendant answered that he would sell it for $2,000 an acre but would like to get $2,200. The plaintiff then says he told him he would try to get a purchaser, and that the defendant responded that he would not do anything at that time, and also said "he would not do anything without consulting Mr. McDivitt, who was his attorney and had absolute charge of all his affairs."

The plaintiff then went to see Mr. McDivitt, but no price was mentioned for the land. The plaintiff asked him what his (the plaintiff's) commission would be if he made a sale, and he said 2½ per cent. Afterwards the plaintiff went again to see Mr. McDivitt, bringing with him Knowles, a proposed purchaser. The price was talked of, and McDivitt, gave them a slip of paper in which he set the upland down at $1,900 an acre and the meadow land at $300 an acre, and specified the amount to be paid in cash, and that the balance might remain on bond and mortgage at 5 per cent.

Afterward the plaintiff and Knowles called on the defendant and offered him $1,900 and then $1,950 an acre for the upland, which offers were refused. They say that the defendant said, "I told you my price was $2,000," and that thereupon Knowles said he would take it at $2,000 an acre. The defendant refused to sign a contract, and also refused to accept $300 tendered to him by Knowles, saying that he would not sign any papers except in the presence of his attorney. He then said that he would meet them at his attorney's office on the 2nd of May, it being then April 16th. On May 2nd they all met at the attorney's office and the defendant refused to make the contract.

It will be observed that there is no evidence that the defendant ever said that his attorney had authority to fix a price on the property. All he said was that he would not do anything without consulting his attorney, who had charge of his affairs. The prices put on the piece of paper by the attorney were therefore not binding. Nor were they deemed binding by the plaintiff and his purchaser, for in place of closing with the attorney they went to the defendant personally and offered him the $1,900, and then $1,950, and finally $2,000 an acre for the upland. They mentioned no price for the meadow land (lowland), so that it is plain that no price was ever arrived at as to that part of the farm at all events, and therefore for the farm, for it was for sale only as a whole; unless the $2,000 an acre was for the meadow land also, which the plaintiff says was not the case, but that it was to be taken at the price put on the paper by the attorney, viz., $300 an acre.

And if the defendant's attorney is to be deemed his agent with authority to sell, there is another conclusive reason why the plaintiff cannot recover. The plaintiff proved by Knowles that when he and Knowles saw the attorney, as stated above, they agreed with him that if