### HARRIS v. KINGSTON REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

DEEDS—PROPERTY CONVEYED—CLAIM FOR DAMAGES—LAND TAKEN FOR STREET.
     One who, after the city has, for the purpose of widening B street, acquired the fee to a portion of his premises fronting on such street, and lying between M and S streets, though the compensation to be paid therefor has not been fixed and determined, deeds the portion not so taken, together with all his "right, title, and interest" of, in and to such streets, does not convey his claim for damages for the portion taken, which is personal property.

Appeal from Special Term.

Action by Isaac Harris against the Kingston Realty Company and others. From a judgment for plaintiff entered on the decision of the court, defendant company appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Michael E. Finnigan, for appellant.
Edward M. Bassett (W. W. Thompson, on the brief), for respondent.

WOODWARD, J. The judgment appealed from should be affirmed. On the 16th day of June, 1902, the plaintiff was the owner of the fee of certain premises lying between Malbone street and Sterling Place, borough of Brooklyn, and fronting on Bedford avenue. On that date the city of New York acquired the fee to a portion of said premises for the purpose of widening and improving Bedford avenue, though the compensation to be paid for the same was not fixed and determined until some time afterward. The city of New York undoubtedly took the fee, subject only to a possible reversion in the event of the abandonment of the street, a contingency so remote as to be of no practical importance at this time, and the plaintiff had no practical "right, title, or interest" therein. On the 18th day of April, 1905, the plaintiff conveyed the said premises, exclusive of that portion taken by the city of New York for the purposes of Bedford avenue, to the defendant the Kingston Realty Company. The commissioners of estimate and assessment awarded the damages to the appellant, and the only question on this appeal is whether, under the deed to the appellant, the latter is entitled to the award.

Upon the trial, it was held that the award belonged to the plaintiff, and we see no escape from that conclusion. An intelligent reading of the deed shows that it was the intention of the parties that the fee of the original parcel, as cut down by the 25 feet on Bedford avenue, should vest in the appellant, under the warranty, and that the conveyance of "all the right, title, and interest of the parties of the first part,

of, in, and to Bedford avenue, Sterling and Malbone streets, lying in front of and adjoining said premises to the center lines thereof, respectively," was intended merely as a quitclaim deed of any reversionary rights which the plaintiff might have in such highways, and did not operate to convey the claim of the plaintiff for the value of the premises which had been taken from him by the city of New York some three years before. That claim was personal property (Matter of Seventh Avenue, 59 App. Div. 175, 177, 69 N. Y. Supp. 63; Van Loan v. City of New York, 105 App. Div. 572, 576, 94 N. Y. Supp. 221), and, in the absence of a definite and clear transfer of the claim, it would not pass under a deed of real property. The deed only purported to convey the rights, title, and interest of the plaintiff in these highways, and as the plaintiff owned no tangible interest, nothing tangible passed to the appellant. When the title vested in the city of New York under the proceeding to widen Bedford avenue the plaintiff ceased to own any interest in the same, outside of the possible reversionary right, and the city of New York owed him the value of the premises taken, and nothing short of a definite assignment of that personal right would serve to give the appellant a right to claim the amount of the award.

The judgment appealed from should be affirmed, with costs. All concur.