(69 Misc. Rep. 369.)

In re HAMILTON ST., IN QUEENS_BOROUGH, CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.    November, 1910.)

1. EMINENT DOMAIN (§ 153*)—COMPENSATION—PERSON ENTITLED—GRANTEE.

Where, after proceedings by the city of New York to condemn land for street purposes, the owner conveys the entire tract by a full warranty deed, there is a breach of the covenants therein, and the award afterwards will be considered as a measure of damages, and passes to the grantee as a remedy under the covenants.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. § 153.*]

2. COVENANTS (§ 101*)—WARRANTY DEED—BREACH.

A clause in a deed providing that it was subject to any rights that Long Island City or the public might have in the streets included within its boundaries, which clause was the same as that contained in a chain of previous conveyances, is not sufficient to relieve the grantor from liability for breach of covenant, where before the deed was executed the city had instituted proceedings to condemn a portion of the land.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 156; Dec. Dig. § 101.*]

On reargument of motion to confirm referee's report. Report confirmed.

For former opinion, see 127 N. Y. Supp. 36.

Joseph A. Flannery (Philip B. La Roche, Jr., of counsel), for Stuard Hirschman.

Merle I. St. John, for Mary B. Trimble.

PUTNAM, J. Upon the reargument of the motion to confirm the referee's report herein, a careful examination of the cases cited against such confirmation has been made, aided by many original condemnation records also submitted. By various mesne conveyances, the descriptions in all of which were by metes and bounds and in identical language, Mary B. Trimble, on August 28, 1901, became the owner in fee of certain property in the borough of Queens. Before 1888 this considerable tract of city land contained certain projected streets (of which Hamilton street was one) as outlined upon a map referred to as the official map of Long Island City, a tracing from which was

---

included in the earlier conveyances. Prior to the consolidation in 1897, the deeds in Mrs. Trimble's chain of title contained this provision:

"Subject, however, to any rights that Long Island City or the public may have in any streets or avenues as laid out on the official map of Long Island City and included in the above-described premises."

After the consolidation the subsequent deeds, including the deed to Mrs. Trimble, repeated this provision, with the addition after "Long Island City" of the words "(now a part of the City of New York)." By a resolution of the board of estimate and apportionment of the city of New York, adopted June 6, 1902, a part of this property was taken for the purposes of the Hamilton street which is the subject of this proceeding. The proofs are not clear as to whether this part so taken by the city is identical throughout its course with the Hamilton street outlined on the official map of Long Island City mentioned in the deeds.

On February 28, 1905, Mrs. Trimble conveyed to one Connor by a full covenant warranty deed the same tract of land which had been conveyed to her, describing it by metes and bounds, so that the description included the part which had been taken by the city in 1902. The deed stated a consideration of $1 and other good and valuable considerations, and it was declared to be "subject to any rights that Long Island City, now a part of the city of New York, or the public may have in and to any streets or avenues included within the above metes and bounds, as laid out on the official map of Long Island City." Subsequently, by different conveyances, title to such property vested in one Stuard Hirschman, the petitioner herein.

Awards for the property so taken in 1902 were made, and were confirmed on May 4, 1908. Both Hirschman and Mrs. Trimble thereupon asserted claim to them. The referee, appointed to inquire into the facts and circumstances alleged in the petition, for the purpose of ascertaining to whom said awards should be paid, held:

"That this deed was a full covenant and warranty deed, with no exceptions of the parcels to which title had vested in the city of New York; the clause, 'Subject to any rights that Long Island City, now a part of the city of New York, might have,' being simply a repetition of the clause in the preceding deeds. In my opinion this deed conveyed an equitable assignment of the awards for damage parcels Nos. 24 to 47, both inclusive."

And he found that the awards for the property involved should be paid to Hirschman. His report was confirmed by previous order of this court.

By virtue of section 990 of the charter, and the resolution of the board of estimate and apportionment, title to the property so taken vested in the city of New York on August 1, 1902, nearly three years before the conveyance by Mrs. Trimble to Connor. From the date of such passing of title, any claim against the city for the award subsequently to be made for said property was a mere chose in action (King v. Mayor, 102 N. Y. 172, 6 N. E. 395; Matter of Seventh Ave., 59 App. Div. 175, 177, 69 N. Y. Supp. 63; Van Loan v. City of New York, 105 App. Div. 572, 576, 94 N. Y. Supp. 221; Matter of Trinity Ave., 116 App. Div. 252, 101 N. Y. Supp. 613), and, ordi-

narily, would not pass under a deed of real property made subsequently to the vesting of title in the city (Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104; Matter of Two Hundred and Twelfth Street, 114 App. Div. 912, 100 N. Y. Supp. 1149).

The general rule in the case of property taken by eminent domain requires that the recovery of damages should correspond with the entry or occupation in condemnation proceedings. The statutes applicable to the city of New York provide that the title shall immediately pass at the beginning of the condemnation proceedings, so that the award of damages may not be made until, as in this case, some six years have intervened. If the owner of the property at the time of the city appropriation afterward conveys the entire property by metes and bounds by a full covenant warranty deed, notwithstanding that the title to a part has already passed from the grantor by the appropriation of the city, there is plainly a breach of the covenants; and the award afterward made is considered as a substitute for the deficiency, or as a measure of the damages, and therefore passes to the grantee, not under the conveyance, but as a remedy under the covenants. Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87.

Where a deed described a whole farm, after a portion of it had been condemned, although made without covenants, it is held that, as title to a part of the land described had passed to the city, it must have been the intention of the parties that the corresponding claim against the city stood in place of the land attempted to be conveyed, and thereby passed by assignment to the grantee upon the delivery of the deed. Matter of Thompson, 89 Hun, 32, 35 N. Y. Supp. 6, affirmed 148 N. Y. 743, 42 N. E. 1093. Although in the Magee Case it did not appear that the grantor contested the right of the grantee to the award, the principle is clear, and has been recognized in Shields v. Pittsburgh, 201 Pa. 328, 50 Atl. 820. The case at bar is not to be distinguished from the Magee Case in respect to the covenants which the Trimble deed contained. The fact that the full consideration was not recited does not take away from the grantor's liability on her covenants.

Upon the original hearing, the question turned mainly on the clause in this deed making it subject to any rights that Long Island City, now a part of the city of New York, or the public, may have in any streets or avenues included in the above metes and bounds, as laid out on the official map of Long Island City. Considering that this was a form contained in a chain of previous conveyances, the court followed the conclusion of the learned referee that this clause was not sufficient to relieve the grantor from liability under her covenants, as such restrictions and exceptions in a deed are to be construed most strongly against the grantor. Duryea v. Mayor, 62 N. Y. 592, 596.

It is urged that various decisions as to the ownership of awards in condemnation proceedings made since the Magee Case supported Mrs. Trimble's contention. But none of these authorities present the instance where, after condemnation, the covenants in the later conveyance were plainly broken and the grantor still permitted to hold the corresponding damage award against the covenantee. In Matter of

Trinity Ave., 116 App. Div. 252, 101 N. Y. Supp. 613, the lots conveyed were distinguished by lot numbers; and stress was laid upon this fact that the deed was without description by metes and bounds, and no part of the lots themselves had been appropriated, but only an appurtenance outside of the mapped area of the lots. Apparently there was no tangible part of the property conveyed, upon which the covenants properly construed could operate. In Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104, a portion of the lot had been appropriated and the boundaries in the later deed excluded that part taken by the city. In Simms v. City of Brooklyn, 87 Hun, 35, 33 N. Y. Supp. 859, the deed contained only a covenant of seisin. In Matter of 212th Street, 114 App. Div. 912, 100 N. Y. Supp. 1149, the contract of sale, instead of including the appropriated property, bounded the premises by 212th street, "together with all the right, title, and interest of the party of the first part, if any, to the land in 212th street, in front of said premises to the center thereof." The distinctions above pointed out also apply to Kuhlman v. City of Brooklyn, 149 N. Y. 584, 43 N. E. 988, and Matter of Reubel, 52 Misc. Rep. 604, 103 N. Y. Supp. 804, affirmed 191 N. Y. 524, 84 N. E. 1119, also cited.

The reconsideration and review of the questions now presented and reargued lead to the result that the conclusion of the referee was rightly confirmed. As, however, the city claims that the previous order should be modified as to interest after the date of confirmation, the order now to be entertained should be settled on notice.

Ordered accordingly.