(159 App. Div. 824)

### In re SCHOTT et al.

#### SCHOTT et al. v. GEM CITY & LONG ISLAND REALTY CO.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

1. MORTGAGES (§ 532*)—FORECLOSURE—NOTICE TO PURCHASERS.

Where the written terms of a foreclosure sale included a notice that the sale was subject to the rights of the city in land lying within the streets or avenues through the premises, and the referee's deed contained a similar clause which concededly was sufficient to put the purchaser upon inquiry, the purchaser was bound to know that title to a portion of the premises had already vested in the city for street purposes, as reasonable inquiry would have developed this fact.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1552; Dec. Dig. § 532.*]

2. EMINENT DOMAIN (§ 154*)—PERSONS ENTITLED TO COMPENSATION—MORTGAGEES.

Where a portion of mortgaged premises was taken by a city for a street, the mortgagee acquired an equitable lien on, or equitable assignment of, so much of the award for the land taken as was necessary to make the mortgage good.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 417–420; Dec. Dig. § 154.*]

3. EMINENT DOMAIN (§ 153*)—PERSONS ENTITLED TO COMPENSATION—VENDOR OR PURCHASER.

Where, pending an action to foreclose a mortgage and before the foreclosure sale, title to a portion of the premises vested in the city for street purposes, the mortgagees who purchased the premises at the foreclosure sale had no interest as purchasers in the award for the property taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. § 153.*]

4. EMINENT DOMAIN (§ 158*)—AWARD OF DAMAGE—SET-OFF OF ASSESSMENTS.

Where, pending an action to foreclose a mortgage, title to a portion of the premises vested in the city for street purposes and, after the foreclosure sale was confirmed, an assessment was made against the premises in the street opening proceeding, the purchasers were not entitled to have the assessment set off against the award of damages, since the assessment did not become a lien until after the title had vested in the purchaser, who therefore was alone liable therefor, while the award sub-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ject to the deficiency judgment belonged to the mortgagors, and there can be no set-off where one person is entitled to the award and another is liable for the assessment.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 426, 428–432; Dec. Dig. § 158.*]

5. MORTGAGES (§ 537*)—FORECLOSURE—RELIEF TO PURCHASERS.

Where mortgagees purchased the mortgaged property at a foreclosure sale with constructive notice, but without actual knowledge that title to a portion of the premises had vested in the city for street purposes, and after title had vested in them an assessment of benefits was made against the land, they were not entitled to have their contract of purchase reformed in the absence of fraud or mutual mistake.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1558; Dec. Dig. § 537.*]

Appeal from Special Term, Kings County.

Application by Edward A. Schott and another for payment of an award in a street opening proceeding. From an order directing payment of the award as desired by the applicants, the Gem City & Long Island Realty Company appeals. Reversed and remitted.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

G. H. Brevillier, of New York City, for appellant.

Robert H. Haskell, of Brooklyn, for respondents.

BURR, J.   Prior to December 1, 1911, the Gem City & Long Island Realty Company was the owner of a parcel of ground irregular in shape, situated on the southerly side of East New York avenue in the borough of Brooklyn. Edward A. Schott and Marie Louise Schott held a mortgage upon said premises, given to secure the payment of $7,750. An action was then pending for the foreclosure of said mortgage, and on December 8, 1911, a judgment was entered therein in the usual form and directing a sale of the mortgaged premises. At that time proceedings were also pending for the opening of East Ninety-Fifth street through said parcel of land, and on December 29, 1911, an order was duly entered therein confirming the report of the commissioners of estimate, and title to the land within the lines of said improvement thereupon vested in the city of New York. The amount of the award for damages which was made to the Gem City & Long Island Realty Company was $3,016. On January 5, 1912, the mortgaged premises were sold under said judgment of foreclosure, and the property was bought by the mortgagees for $8,000. On the 15th day of January in the same year, the referee's deed was delivered, and thereupon the Schotts became the owners of the whole of said parcel of ground except so much thereof as had been taken for the opening of East Ninety-Fifth street.

[1] In the written terms of sale there was included a notice to the effect that the sale was made "subject to the rights of the city of New York in land lying within the streets or avenues through the premises," and a similar clause was contained in the referee's deed. Concededly this notice was sufficient to put the purchaser upon his inquiry. In

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fact, the attorney who represented the Shotts in the foreclosure action and upon the sale, and who prepared the written terms thereof, testified with regard to this clause that:

"The intention was to put the purchaser on inquiry as to any street opening proceeding that might possibly occur in the future and as to the status thereof."

If the purchasers had "taken notice" that a portion of the mortgaged lands had already vested in the city and that the residue of said lands was liable in the near future to an assessment thereon for the costs of said improvement, it might be that they would have hesitated to bid as high as $8,000 for such residue. In fact, the same attorney testified:

"I did not know personally that title to a portion of the premises had vested in the city of New York. If I had, I wouldn't have bid so much money."

But, having been put upon their inquiry, they were bound to know what reasonable inquiry would have developed. Hamilton v. Fleckenstein, 118 App. Div. 579, 583, 103 N. Y. Supp. 631. After the sale which resulted in a deficiency of $1,594.03, for which judgment was entered against the Gem City & Long Island Realty Company, and on February 9, 1912, an assessment for the opening of East Ninety-Fifth street was levied and confirmed against a portion of the remainder of the property purchased by the Schotts, as aforesaid, and then owned by them, which assessment amounted to $2,244.95. Two claims upon the award for damages were thereupon filed, one by the Shotts in which they asked that the amount of said assessment be offset against the award and that the residue be applied to the payment of their judgment for deficiency. If such set-off is made, the residue of the award will be insufficient to pay said judgment in full. The other claim was filed by the land company, and in it they asked that out of the award should be paid such taxes and assessments as became a lien prior to December 29, 1911, the date of the order confirming the commissioners' report and the date when the title to the land in the street vested in the city, and so much of the award as might be necessary to pay the amount of the deficiency judgment and interest, and that the balance of the award should be paid to it. The referee to whom these conflicting claims were referred for decision reported in favor of the former claim, and from an order confirming his report this appeal is taken.

[2] The first question to determine is: What would be the interest of the Schotts if they had not become purchasers at the sale? We think that they would have taken an equitable assignment of so much of the fund created by awards for lands taken for opening East Ninety-Fifth street as was necessary to make their mortgage good. Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554. As was said by Judge Finch in that case:

"If, after the closing of the road, the diminished value of the lot should prove to be less than the mortgage debt, the lien of the mortgage would extend to and embrace so much of the damages awarded as should be needed to make good the deficiency."

After title to a portion of the land covered by the mortgage in question vested in the city, "the balance of the land only could be sold and conveyed on the foreclosure; the referee's deed could convey and did convey only that balance; and the right of the mortgagees became merely an equitable lien upon the fund in the hands of the court to the extent of any deficiency which the land sold did not pay." Matter of City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161; Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104; In re Hamilton Street, 144 App. Div. 702, 129 N. Y. Supp. 317. The proceeds of the sale of the land not taken for opening East Ninety-Fifth street, or in this case the land itself since the petitioners became the purchasers thereof at the foreclosure sale, plus the amount of the deficiency judgment, represent the entire interest of the mortgagees in the land originally mortgaged and in the proceeds of such part thereof as had been taken for the improvement. Suppose that the residue of the mortgaged land, excluding that taken for the opening of the street, had sold for just sufficient to pay petitioners' mortgage and interest in full. Could it be then claimed that they were entitled to any portion of the award for the land which was so taken? Clearly not.

[3] The second question to be considered is whether the fact that the mortgagees and not a third person became purchasers at the foreclosure sale can make any difference in the application of the rule as to their interest in the award. We think not. The land is presumably worth just exactly what they agreed to pay for it and did pay for it plus carrying charges, until a sale thereof to a third person, and when they sell it they will realize just exactly that sum to credit upon the original amount of the mortgage debt. When to that is added the amount of the deficiency judgment, the entire mortgage indebtedness is paid. If they had not been mortgagees and had purchased the residue of the land under the circumstances here disclosed, it is difficult to see how they could have sustained any claim to the award. If the fact that they were mortgagees only entitles them to so much of the award as is necessary to pay the deficiency judgment, that also must be the limit of their claim both as purchasers and mortgagees.

[4] A third question to be considered is whether they may offset the amount of the assessment, confirmed some time after they became owners of the land affected thereby, against such award. If a third person had become the purchaser, there would be no hesitation in answering the question. As the assessment did not become a lien until after the title to the mortgaged land which was not taken for opening East Ninety-Fifth street and which became subject to such assessment had vested in the purchaser at the foreclosure sale, such purchaser, whoever he may be, is alone liable therefor. To entitle the parties to a set-off, the ownership of the award and the liability for the assessment must be found to exist in the same person. When one person is entitled to an award or a portion thereof, and another peron is liable for the assessment, necessarily there can be no set-off. To the extent only, therefore, that they are entitled to the award to an amount equal to the deficiency judgment and interest thereon, can

they claim such relief, and the residue of the award must be collected from the land upon which it is a lien.

[5] The mortgagees and purchasers at the foreclosure sale are not seeking to rescind the contract of purchase or to be relieved from their bid. In effect, they are asking to have such contract reformed. In the absence of evidence of fraud or mutual mistake, they are not entitled to such relief. Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901, appeal dismissed 198 N. Y. 595, 92 N. E. 1081.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the proceedings remitted to the Special Term to enter an order as to the ownership of the award, in accordance with the terms of this opinion. All concur.