In the Matter of the Application of LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, as Trustee, under Declaration of Trust Dated the 27th Day of May, 1937, for Payment of Award Made for Parcel No. 672 on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit in the Proceeding to Acquire Title to Avenue K from Kings Highway to Utica Avenue, Borough of Brooklyn, New York City, N. Y.

MORRIS BERLOFSKY, as Assignee, etc., and BARNET SEIDLER, Claimants, Appellants; COMPTROLLER OF THE CITY OF NEW YORK, LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, as Trustee, etc. (Petitioner), and JACOB EDELSTEIN, Respondents.

Second Department, May 13, 1938.

*George Jacobs* [*Bernard D. Fischman* with him on the brief], for the appellants.

*Arthur L. Jacobs*, for the petitioner-respondent.

PER CURIAM. In a proceeding by the assignee of a mortgage for payment of a condemnation award on property originally subject to a first mortgage held by the applicant bank, it appeared that the mortgage was given by one Gewertz for $3,500 in 1923. A second mortgage, given by an undisclosed owner at a date not named, was held by one Edelstein. Barnet Seidler became the owner of the property before the condemnation proceedings were commenced on August 1, 1929, subject to the two mortgages. On December 30, 1929, Seidler gave a third mortgage to one Berlofsky for $800, and, as further security, assigned to him an interest in the prospective award. Only $75 has been paid on this obligation.

In May, 1930, Edelstein commenced an action to foreclose his mortgage, and after the sale, and on September 17, 1930, he obtained a referee's deed. In 1933 Edelstein conveyed the property to 9810 Flatlands Avenue Realty Corp., subject to the first mortgage

of $3,500. The property has been assessed for the past three years at a value of $7,300 to $7,000, so that it appears there is a substantial equity over and above the first mortgage. Evidently Edelstein's foreclosure resulted in no deficiency, for no claim is made here, either on his behalf or that of his grantee, as to any interest in the condemnation award, which now amounts to $3,961.79.

The order from which this appeal is taken provides for the cancellation of warrants theretofore issued to Seidler, and for the payment of certain prior liens, and directs the payment of the balance, to the amount of $3,500, to the bank, provided a release be furnished. The comptroller was directed to disregard all other claims.

The result of this order is obvious. Seidler and his assignee, Berlofsky, will receive nothing, while the property will be freed from the lien of the mortgage. 9810 Flatlands Avenue Realty Corp., which claims nothing, will thereby become unjustly enriched at the expense of the primary owner of the award, and will become the owner of the real property free from the lien of the mortgage thereon when its purchase was made — all this without being required to make any payment to clear its title.

No one questions the right of the bank to resort to the award for payment of its mortgage lien. It may elect either to foreclose its mortgage or to take the award to obtain such payment. If it elects to foreclose, it waives its claim on the award except as to an amount to satisfy a deficiency. Then Seidler, the primary owner, and his assignee become entitled to the award or to such part not required to be applied on any deficiency judgment. No doubt the property would sell for more than the amount of the foreclosure judgment; or the mortgage might be paid by the present owner before judgment.

The bank is doubly secured. It may forego its right to foreclosure and proceed to obtain the award. In so doing it has no interest in benefiting the present owner of the property or depriving Seidler and Berlofsky of their rights. Under the circumstances shown, the latter become equitably subrogated to the rights of the bank, for it is from their money that payment of the mortgage is being made. Their rights of subrogation will be subverted by following the provisions of the order. The person paying is entitled to be placed in the position of the person paid, with recourse to the security under the principles of equitable assignment by subrogation, which may be invoked for his protection. (*Johnson* v. *Zink*, 51 N. Y. 333; *Arnold* v. *Green*, 116 id. 566, 571. See, also, *Ingalls* v. *Morgan*, 10 N. Y. 178, 186; *Murray* v. *Marshall*, 94 id. 611; *Womans Hospital* v. *67th St. Realty Co.*, 265 id. 226, 235; *Matter*

*of Schott*, 159 App. Div. 824; *National Savings Bank of Albany* v. *Fermac Corp.*, 241 id. 204.)

Unless the bank elect to foreclose and thereby abandon its claim on the award, except as to deficiency, it should, in taking payment of the award, assign the mortgage to the appellants, Seidler and Berlofsky, as their respective interests appear. Evidently the award is sufficient to pay the mortgage in full. If not, as was offered on the argument, the appellants may pay the balance due. Failing to do this, the lien of the bank for the sum unpaid will remain a prior lien with an equitable assignment to the appellants to the amount paid from the award.

The order should be modified by adding to the fifth ordering paragraph after the words " New York " on the last line thereof, the following: " and on the further condition that concurrent with the issuance and payment of the warrant the above named bank shall execute and deliver to Barnet Seidler and Morris Berlofsky an assignment of the mortgage as their respective interests appear to the amount paid by the award;" by providing that the release mentioned in the same paragraph be only a release of the bank's claim to the award and not of the mortgage itself, and that appellants may join therein; and that the names and amount of claims of appellants be struck from the seventh ordering paragraph. As so modified, the order, in so far as an appeal is taken therefrom, should be affirmed, without costs.

LAZANSKY, P. J., DAVIS, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order modified by adding to the fifth ordering paragraph, after the words " New York " on the last line thereof, the following: " and on the further condition that concurrent with the issuance and payment of the warrant the above named bank shall execute and deliver to Barnet Seidler and Morris Berlofsky an assignment of the mortgage as their respective interests appear to the amount paid by the award;" by providing that the release mentioned in the same paragraph be only a release of the bank's claim to the award and not of the mortgage itself, and that appellants may join therein; and that the names and amount of claims of appellants be struck from the seventh ordering paragraph. As so modified, the order, in so far as an appeal is taken therefrom, is affirmed, without costs. Settle order on notice.