In the Matter of the Application of BROOKLYN TRUST COMPANY, as Trustee under Declaration of Trust Dated September 16, 1936, for an Order Directing the COMPTROLLER OF THE CITY OF NEW YORK to Pay to It the Award for the Taking of Damage Parcel No. 117 in the Proceeding to Acquire Title to Interborough Parkway from the Brooklyn Borough Line to Cypress Hills Street, etc., in the Borough of Queens, City of New York.

REBECCA OELBAUM, as Assignee, Mortgagee and Claimant, Appellant; BROOKLYN TRUST COMPANY, as Trustee, etc., and COMPTROLLER OF THE CITY OF NEW YORK, Respondents.

Second Department, October 21, 1938.

*Herman G. Robbins*, for the appellant.

*Stanley S. Hawkes* [*Ralph W. Crolly* with him on the brief], for the respondent Brooklyn Trust Company, as trustee.

PER CURIAM. In this condemnation proceeding to acquire title to Interborough parkway, the final decree awards the sum of $42,000, and interest, as damages for the taking of the property described as damage parcel No. 117. The decree directs the award to be paid to the owner of the property, subject to four mortgages. It is also made subject to other liens, with which we are not now concerned. Title vested on July 1, 1933. The final decree was entered on October 29, 1937. Before the making and entering of the final decree the third mortgage was foreclosed. The fourth mortgagee was made a party and the resulting judgment destroyed its lien. The real property, of which the damage parcel in question formed a part, was sold in the foreclosure action and has since been resold. It appears that the present owner of the property is Samofar Realty Corporation, although that corporation is not a party to this proceeding. Thereafter the second mortgage was satisfied. The award in question remains uncollected.

The first mortgagee now asks that an order be made directing the city to pay to it the amount of the award together with the interest. The holder of the fourth mortgage opposes the application.

The order from which this appeal is taken provides for the payment of the award to the first mortgagee, less certain deductions with which we are not presently concerned. The Comptroller was directed to disregard all other liens, including that of the fourth mortgagee and its assignee. The result of this order is obvious. The first mortgagee will receive the award, while the property will be freed from the lien of the mortgage to the extent of the amount of the payment, and the holder of the fourth mortgage, having lost her lien through the foreclosure of the third mortgage, receives nothing. The present owner of the real property of which the part taken in the condemnation proceeding was a part, and who

was not the owner at the time title vested, will thereby be unjustly enriched. (*Matter of Lafayette National Bank of Brooklyn*, 254 App. Div. 207.)

The present owner of the property should have notice of the application for payment of the award, and if, when brought in as a party, it shall appear that it has no interest in the award, then the award, together with the interest thereon, should be paid to the first mortgagee. The order should provide, however, that upon such payment the fourth mortgagee or its duly established assignee shall be subrogated to the rights of the first mortgagee under the mortgage in the part of the mortgaged property not taken in the proceeding; the right of the fourth mortgagee to extend to the net amount realized by the first mortgagee from the award, and the said rights of the fourth mortgagee to be subordinate to the rights of the first mortgagee in the mortgage covering the property not taken for the balance due on its mortgage.

The contention that since the order in the proceeding to reorganize the first mortgage, having directed that the award be applied in reduction of the principal, remained silent about the interest on the award, the first mortgagee is, therefore, not entitled to such interest, is without merit.

The order, in so far as an appeal is taken therefrom, should be reversed on the law and the facts, with ten dollars costs and disbursements, and the matter remitted to Special Term to proceed in accordance with this opinion after the present owner of the real property shall have been brought into the proceeding upon proper notice.

LAZANSKY, P. J., DAVIS, ADEL and CLOSE, JJ., concur; JOHNSTON, J., not voting.

Order, in so far as an appeal is taken therefrom, reversed on the law and the facts, with ten dollars costs and disbursements, and the matter remitted to Special Term to proceed in accordance with opinion *per curiam* after the present owner of the real property shall have been brought into the proceeding upon proper notice.