In the Matter of the Application of BROOKLYN TRUST COMPANY, as Trustee under Declaration of Trust Dated September 16th, 1936, for an Order Directing the COMPTROLLER OF THE CITY OF NEW YORK to Pay to It the Award for the Taking of Damage Parcel No. 117 in the Proceeding to Acquire Title to Interborough Parkway from the Brooklyn Borough Line to Cypress Hills Street, etc., in the Borough of Queens, City of New York.

REBECCA OELBAUM, as Assignee, Mortgagee and Claimant, Appellant; BROOKLYN TRUST COMPANY, as Trustee, etc., COMPTROLLER OF THE CITY OF NEW YORK and Others, STRAMAY REALTY CORP., SAMOFAR CORPORATION, KEW GARDENS CORP. and HARRY HAUSKNECHT, Respondents.

Second Department, May 29, 1939.

*Herman G. Robbins* [*J. Irving Weissman* with him on the brief], for the appellant.

*Stanley S. Hawkes* [*Ralph W. Crolly* with him on the brief], for the respondent Brooklyn Trust Company, as trustee.

*Milton M. Bergerman* [*Herman Jervis* with him on the brief], for the respondents Stramay Realty Corp. and Samofar Corporation.

*Raphael H. Weissman*, for the respondents Kew Gardens Corp. and Harry Hausknecht.

PER CURIAM. This proceeding was brought for the condemnation of real property. The order appealed from (1) granted motions of the Brooklyn Trust Company, Samofar Corporation, Stramay Realty Corp., Kew Gardens Corp. and Harry Hausknecht; (2) directed that the " payment by the Comptroller of the City of New York to Brooklyn Trust Company, as Trustee under Declaration of Trust dated September 16, 1936, of all sums of money awarded by the Supreme Court in the final decree for the taking of Damage Parcel #117, together with interest thereon, which was directed to be made by the said consent order of this Court dated December 15th, 1938, shall be not without prejudice to the rights or claims of Rebecca Oelbaum, but shall be paid to said Brooklyn Trust Company as a matter of right and as entitled to the same upon the merits, in priority to the second, third and fourth mortgagees as well as the judgment-lienor and the franchise tax lienor, all as set forth in the petition of the Brooklyn Trust Company, verified March 28, 1938;" and (3) ordered and declared that the claimant, Rebecca Oelbaum, has no right, title, claim, lien or interest in and to the award for Damage Parcel No. 117 in this proceeding, or in and to the remaining property covered by the lien of the first mortgage held by Brooklyn Trust Company, or in, to or under the said first mortgage.

The present record differs materially from the one previously

before us. (*Matter of Brooklyn Trust Co.*, 255 App. Div. 211; Id. 974.)

Upon this record appellant, who by assignment has acquired the rights of the fourth mortgagee in the mortgaged premises and in the award here involved, is not entitled to be paid any part of the award, which is much less in amount than the balance unpaid on the first mortgage; nor is the appellant entitled to be declared to be subrogated to any rights of the first mortgagee in the part of the mortgaged premises not condemned, either to the extent of the amount by which the first mortgage will be reduced by the payment of the award and interest to the holder thereof, or at all. The holder of the first mortgage is plainly entitled to the award and interest, to be applied in part payment thereof. (*Matter of City of New York* [*E. 29th St.*], 273 N. Y. 62.) Appellant, in effect, claims that upon such payment to the first mortgagee, appellant, in the right of the fourth mortgagee, will become entitled to a subordinate interest in the first mortgage to the extent of the amount of that payment, by reason of the claimed application of the doctrine of subrogation. Subrogation, however, is never permitted where its application will work an injustice. (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137; *Bell* v. *Greenwood*, 229 App. Div. 550.) In this case its application in appellant's favor would work an injustice to each of the several respondents and would invade their rights, which exist by reason of the undisputed facts disclosed in the present record.

The award, including interest, was made to Grenfell Apartments, Inc., former owner of the mortgaged premises in fee, in the sum of $52,899, by the terms of the final decree herein dated October 29, 1937; *subject*, however, (a) to a first mortgage, the unpaid principal of which was $420,000, (b) to a second mortgage of $90,000 held by Kew Gardens Corp., (c) to a third mortgage held by Kew Gardens Corp. for $144,000, (d) to a fourth mortgage held by Lindbergh Court Corporation for $51,500, and (e) to certain other incumbrances not here material. The first mortgage, as further reduced by payments on account of principal to the sum of $412,000, and as reorganized, is now held by respondent Brooklyn Trust Company, as trustee for certain certificate holders. That trustee now holds also an assignment of the rights of the second and third mortgagee, Kew Gardens Corp., in the award. The second mortgage, formerly held by Kew Gardens Corp., has been satisfied of record by that mortgagee. The third mortgage, held by Kew Gardens Corp., was foreclosed in an action commenced by it before the vesting of title herein. In that action judgment of foreclosure and sale was entered after such vesting. Such third mortgagee

became the purchaser of the portion of the mortgaged premises not condemned. By that foreclosure the rights of the fourth mortgagee in that part of the mortgaged premises not condemned were cut off. That mortgagee had a lien upon the award, however, subject to the priority (first, second and third mortgage) liens thereon. The same foreclosure sale resulted in a deficiency of $199,218.91, as specified in the referee's report of sale dated April 13, 1937, which deficiency was payable to Kew Gardens Corp., third mortgagee, by Lindbergh Court Corporation (fourth mortgagee), which latter was the obligor on the bond of the third mortgage thus foreclosed. No judgment for the amount of this deficiency was entered. That omission, however, was immaterial; the fact that the deficiency was shown to exist was sufficient to demonstrate that the third mortgagee had a lien on the award. (*Matter of City of New York* [*E. 29th St.*], *supra*.) Such lien was, of course, subject to the prior liens which, stated in the order of priority, were, (1) lien of the first mortgage, reduced as to principal to $412,000, (2) lien of the second mortgage for $90,000, thus subsequently satisfied of record, (3) lien of the third mortgage in the sum of $199,218.91, represented by the deficiency in the third mortgage foreclosure, and (4) lien of the fourth mortgage for $51,500, the rights in which are now vested by assignment in the appellant. Therefore, upon the award of $52,899 (including interest), there were liens, superior to the lien of the fourth mortgage, aggregating at least $611,218.91 (first mortgage principal, $412,000; deficiency on third mortgage, $199,218.91).

The foregoing statement of undisputed facts makes it manifest that the appellant, standing in the place of the fourth mortgagee, has no right to the award and likewise no right to the subrogation claimed.

The present record also discloses that subsequent to the acquisition in foreclosure of the title to the part of the mortgaged premises not condemned, Kew Gardens Corp. conveyed that title to respondent Samofar Corporation, receiving therefor $64,638.50, which was used to pay interest arrears which had accrued upon the first mortgage, and receiving also a new (purchase money) second mortgage in the sum of $20,000, a one-half interest in which Kew Gardens Corp. assigned to the respondent Hausknecht. As part of the same transaction, Kew Gardens Corp. executed the previously mentioned assignment of its interest in the award to the first mortgagee. Samofar Corporation thereafter, on August 26, 1937, conveyed title to the same property to the respondent Stramay Realty Corp.

Therefore, the undisputed facts in the present record disclose no right to the award in the appellant nor any right on her part in the first mortgage upon the theory of subrogation. Examination of the appellant's contentions on this appeal shows no reason for the determination in her favor which she requests.

The order appealed from should be affirmed, with fifty dollars costs and disbursements, payable by appellant to respondents jointly.

LAZANSKY, P. J., CARSWELL, ADEL, TAYLOR and CLOSE, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements, payable by the appellant to the respondents jointly.