In the Matter of a Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises Known as 3 Grenfell Avenue, Kew Gardens, Borough and County of Queens, City and State of New York, Guaranteed by Bond and Mortgage Guarantee Company, and Designated as Guarantee No. 171,039. Index No. SN 35/1936. In the Matter of the Application of BROOKLYN TRUST COMPANY, as Trustee under a Declaration of Trust Dated September 16, 1936, for Approval of Its Account for the Period from September 16, 1938 to September 16, 1939. Plan No. 1140. STRAMAY REALTY CORP. and SAMOFAR CORPORATION, Appellants; BROOKLYN TRUST COMPANY, as Trustee under Declaration of Trust Dated September 16, 1936, Respondent.—

In a proceeding instituted by the trustee of a certificated mortgage, asking, among other things, for instructions as to the date when a condemnation award, received by the trustee, should be applied in reduction of the principal of the mortgage, order in so far as appealed from, affirmed, with ten dollars costs and disbursements. At the time when the award was received from the comptroller of the city of New York and continuously thereafter until the final disposition of the matter in the Court of Appeals, the trustee's title to the fund was encumbered by the adverse claim of the fourth mortgagee. Although this court had previously said, in its opinion on the earlier appeal (*Matter of Brooklyn Trust Co.*, 255 App. Div. 211), that the award should be paid to the first mortgagee, the trustee was nevertheless justified in considering: (1) that the fourth mortgagee had refused to acquiesce in that ruling and had pending a second appeal from the adverse order of the Special Term; (2) that the award had been paid to the trustee under an order expressly reserving the rights of the fourth mortgagee; (3) that this court conceivably might adopt a more favorable view towards the fourth mortgagee upon a new and different record; and (4) that the Court of Appeals, if the matter should eventually reach it, would not be bound by the opinion of this court. Under these circumstances the trustee was entitled to elect that its receipt of the fund should not constitute payment as a matter of law. Its status, until the adverse claim was finally disposed of, was that of a stakeholder or depositary rather than that of an owner. (Cf. *Persons* v. *Gardner*, 122 App. Div. 167.) Since we hold that there was no payment in contemplation of law, it follows that the authorities cited by the appellants, holding that a mortgagor, after making payment to a trustee, is not bound to see to the proper application of the fund by the latter, are not in point. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.